## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2012

No. 11-41063

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS RODRIGUEZ-ESCARENO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

The defendant pled guilty to illegal reentry following a deportation. He had earlier been convicted of conspiracy to distribute methamphetamine. At his sentencing for illegal reentry, the district court increased his sentence because it considered his earlier crime to be a "drug trafficking offense" under a relevant Sentencing Guideline. *See* U.S.S.G. § 2L1.2(b)(1)(A)(i). The defendant did not object. On appeal, he argues the enhancement was improper. There was no error, and we AFFIRM.[1]

---

[1] A prior opinion was filed on October 23, 2012, but then withdrawn on October 29.

No. 11-41063

## FACTUAL & PROCEDURAL HISTORY

In April 2011, Texas authorities stopped a vehicle for exceeding the speed limit. One of the passengers was Jesus Rodriguez-Escareno. He was later indicted by a grand jury in the United States District Court for the Southern District of Texas for being found in the United States illegally following a deportation. *See* 8 U.S.C. § 1326. He pled guilty.

A Presentence Investigation Report ("PSR") was prepared. Using the Sentencing Guidelines, the PSR calculated that the base offense level was 8. The criminal history section of the PSR listed a 2001 conviction in the United States District Court for the Southern District of Iowa of conspiracy to distribute methamphetamine. Rodriguez-Escareno had been charged under 21 U.S.C. §§ 846 and 841(a)(1), and 841(b)(1)(B). Section 846 provides the same penalty for a conspiracy to commit one of the drug offenses in that subchapter as for the underlying offense. *See* 21 U.S.C. § 846. The PSR determined that Rodriguez-Escareno's previous crime was a "drug trafficking offense," which permitted the application of the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i). The offense level was reduced because he accepted responsibility for his illegal reentry. The PSR calculated a sentencing range of 41 to 51 months of imprisonment. Rodriguez-Escareno did not object to these calculations, and the district court adopted the PSR. Rodriguez-Escareno received a 48-month prison sentence. On appeal, he challenges only his sentence.

## DISCUSSION

Rodriguez-Escareno did not object to the application of the Sentencing Guidelines. Consequently, we review only for plain error. *United States v. Gonzales*, 484 F.3d 712, 714 (5th Cir. 2007). The first step in plain-error review is to determine whether there was error. *Id.* The district court applied the 16-level enhancement applicable to a prior conviction for a drug trafficking conspiracy. Rodriguez-Escareno argues the sentencing enhancement can only

2

No. 11-41063

be used for a "conspiracy" that requires an overt act, while a violation of Section 846 does not have that requirement.    We determine the enhancement was validly applied here, and conclude there was no error, plain or otherwise.

The analytical route Rodriguez-Escareno would have us take is one that generally applies to deciding whether a defendant's prior state conviction was for an offense enumerated in the Guidelines.  We begin by seeking that crime's "generic, contemporary meaning." *See United States v. Najera-Mendoza*, 683 F.3d 627, 630 (5th Cir. 2012).  To determine whether a Section 846 "conspiracy" may be used for this enhancement, Rodriguez-Escareno argues that we should examine "the Model Penal Code, treatises, federal and state law, dictionaries, and the Uniform Code of Military Justice" for a definition.  *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 379 (5th Cir. 2006).   The meaning "generally corresponds to the definition in a majority of the States' criminal codes." *United States v. Tellez-Martinez*, 517 F.3d 813, 815 (5th Cir. 2008).  We have previously observed that "most jurisdictions" require proof of an overt act to establish a conspiracy.  *United States v. Mendez-Casarez*, 624 F.3d 233, 240 (5th Cir. 2010).  A conspiracy under Section 846, though, does not require that an overt act occur.  *United States v. Shabani*, 513 U.S. 10, 13-14 (1994). Consequently, Rodriguez-Escareno argues that his conspiracy conviction cannot support the enhancement.

The argument is a logical one with the capacity to convince if the court accepts its premise, namely, that the enhancement requires we find meaning for the offense outside of the Guidelines.  We do not accept the premise.  The Guidelines themselves tell us that a conviction for a conspiracy to commit a federal drug trafficking offense will justify application of the enhancement.

We again set out the details of the prior conviction.  In 2001, Rodriguez-Escareno was indicted for, and later pled guilty to, a conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, Sections

3

No. 11-41063

841(a)(1), 841(b)(1)(B), and 846.  Section 841 sets out the substantive crime and the penalties.  Section 846 is the statute used to charge conspiracies for drug offenses under this part of Title 21:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846.

We now turn to the application of the relevant sentencing enhancement. The route we take starts with the Guideline applicable to unlawful reentry offenses.  It provides an enhancement for certain specific offense characteristics. "If the defendant previously was deported . . . after – (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months," and if criminal history points were given the offense, then a 16-level enhancement may be given.  § 2L1.2(b)(1)(A)(i).

The next step is to consider the definition of the relevant prior offense that appears in Application Note 1 of this Guideline:

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 2L1.2, cmt. n.1(B)(iv).

Finally, the Guideline also addresses conspiracies.  In Application Note 5, it states that "convictions of offenses under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses." *Id.* at cmt. n.5.

In summary, 21 U.S.C. § 841(a)(1) is a federal drug trafficking offense as defined in Application Note 1.  Consequently, it was an offense under subsection

No. 11-41063

(b)(1) of this Guideline. Conspiracies to commit offenses identified in (b)(1) are subject to the 16-level enhancement according to Application Note 5. A charge of conspiring to commit a Section 841 drug trafficking offense is made under Section 846. These are the statutory sections on which Rodriguez-Escareno's prior conviction is based.

There is no reason to search outside the Guidelines for a definition of "conspiracy" applicable to this enhancement. Application Note 5 is a clear statement by the Sentencing Commission that the enhancement applies to conspiracies to commit federal drug trafficking offenses.[2] For us, nonetheless, to search for a generic meaning of "conspiracy" by employing a doctrine generally used to determine whether a state conviction is of an enumerated crime, would only becloud what is clear from the Guideline itself.

We conclude that the Guidelines themselves, reasonably interpreted, provide that a conviction of the federal drug trafficking offense will qualify for the enhancement, and so will the federal crime of conspiring to commit such an offense. Rodriguez-Escareno was subject to the enhancement.

AFFIRMED.

---

[2] We imply no position on the relevance of this reasoning to applying the enhancement to convictions for conspiracies to commit state-law offenses.