# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 3, 2013

Lyle W. Cayce
Clerk

No. 12-50557
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DWAYNE MALCOM BELL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-379-1

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dwayne Malcom Bell pleaded guilty to illegal reentry and was sentenced to 46 months of imprisonment and three years of non-reporting supervised release. For the first time on appeal, he argues that his offense level was improperly enhanced under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his prior federal conviction for conspiracy to possess with intent to distribute phencyclidine (PCP) and marijuana. He maintains that his prior conspiracy conviction under 21 U.S.C. § 846 did not require any overt act, that it thus is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a conspiracy within the generic, contemporary meaning of the word, and that it cannot support the enhancement.

We review Bell's arguments only for plain error. *See United States v. Rodriguez-Escareno*, 700 F.3d 751, 753 (5th Cir. 2012). The prior conviction used to support the enhancement in this case was based on § 846 and 21 U.S.C. §§ 812 and 841. In considering whether a prior federal conviction for conspiracy to commit a drug trafficking offense will justify an enhancement under § 2L1.2(b)(1)(A)(i), we need look no further than the federal Sentencing Guidelines. *Id.* at 753-54. The "Guidelines themselves, reasonably interpreted," support the enhancement. *Id.* at 754. Accordingly, the district court did not err in applying the enhancement. *Id.* at 754-55.

AFFIRMED.