**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 5, 2013

Lyle W. Cayce
Clerk

No. 11-40912
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ORLANDO GARCIA-LOPEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-545-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Orlando Garcia-Lopez pleaded guilty to being found in the United States after a prior deportation and was sentenced to 37 months of imprisonment and three years of supervised release. For the first time on appeal, he argues that his offense level was improperly enhanced under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his prior federal conviction under 21 U.S.C. § 846 for conspiracy to possess cocaine with intent to distribute. He maintains that because a conspiracy conviction under § 846 does not require any overt act, it is not a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspiracy within the generic, contemporary meaning of the word, and it therefore cannot support the enhancement.

We review Garcia-Lopez's arguments only for plain error. *See United States v. Rodriguez-Escareno*, 700 F.3d 751, 753 (5th Cir. 2012). Garcia-Lopez's arguments are foreclosed by this court's recent decision in *Rodriguez-Escareno*, where we considered the question whether a prior conviction under § 846 could be used to enhance a sentence for illegal reentry under § 2L1.2(b)(1)(A)(i). 700 F.3d at 753. In that case, this court considered the language of the Guidelines and the relevant Application Notes and held that "the Guidelines themselves, reasonably interpreted, provide that" the "federal crime of conspiring to commit" a drug offense "will qualify for the enhancement." *Id.* at 754. Thus, there is "no reason to search outside the Guidelines for a definition of 'conspiracy' applicable to this enhancement." *Id.* at 754. Accordingly, the district court did not err in applying the enhancement. *Id.* at 754-55.

AFFIRMED.