**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 5, 2013

Lyle W. Cayce
Clerk

No. 11-41221
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SALVADOR GRIMALDO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-941-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Salvador Grimaldo pled guilty to being found in the United States after a prior deportation and was sentenced to 33 months of imprisonment. For the first time on appeal, he argues that his offense level was improperly enhanced under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his prior federal conviction for conspiracy to possess with intent to distribute marijuana. He maintains that his prior conspiracy conviction under 21 U.S.C. § 846 did not require any overt act, that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it therefore was not a conspiracy within the generic, contemporary meaning of the word, and that it cannot support the enhancement.

Because of the absence of an objection at sentencing, we review Grimaldo's arguments only for plain error. *See United States v. Rodriguez-Escareno*, 700 F.3d 751, 753 (5th Cir. 2012). In considering whether a prior federal conviction for conspiracy to commit a drug trafficking offense will justify an enhancement under § 2L1.2(b)(1)(A)(i), we need look no further than the federal Sentencing Guidelines. *Id.* at 753-54. The "Guidelines themselves, reasonably interpreted," support the enhancement. *Id.* at 754. Accordingly, the district court did not err in applying the enhancement. *Id.* at 754-55.

AFFIRMED.