# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2013

Lyle W. Cayce
Clerk

No. 12-40109
Summary Calendar

UNITED STATES OF AMERICA,

> Plaintiff-Appellee

v.

SIXTO CORTINAS-ALDAPE,

> Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-695-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sixto Cortinas-Aldape pleaded guilty to being found unlawfully present in the United States following deportation after conviction of an aggravated felony and was sentenced to 57 months in prison to be followed by a two-year term of supervised release.

For the first time on appeal, Cortinas-Aldape argues that his sentence was improperly enhanced by 16 levels under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(I) based on his prior federal conviction for conspiracy to possess

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with intent to distribute cocaine. He maintains that because his prior conspiracy conviction under 21 U.S.C. § 846 does not require an overt act, the prior conviction does not comport with the generic, contemporary meaning of conspiracy, and the prior conviction should not have been used as a basis for the 16-level enhancement.

We review Cortinas-Aldape's arguments for plain error. *See United States v. Rodriguez-Escareno*, 700 F.3d 751, 753 (5th Cir. 2012). The prior conviction used to support the enhancement in this case was based on 21 U.S.C. §§ 846 and 841. In considering whether a prior federal conviction for conspiracy to commit a drug trafficking offense will justify an enhancement under § 2L1.2(b)(1)(A)(I), we need look no further than the federal Sentencing Guidelines. *Id.* at 753-54. We have held in this situation that the "Guidelines themselves, reasonably interpreted," support the enhancement. *Id.* at 754. Accordingly, the district court in this case did not err, plain or otherwise, in applying the enhancement. *Id.* at 754-55.

AFFIRMED.