# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2013

No. 12-41366
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO BASALDUA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-856-3

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ramiro Basaldua pleaded guilty to one count of conspiracy to possess five kilograms or more of cocaine with intent to distribute. After determining that Basaldua was subject to the career offender provisions of § 4B1.1 of the United States Sentencing Guidelines, the district court sentenced him to 292 months in prison, at the bottom of the advisory guidelines range. Basaldua appeals, arguing that neither his current conviction nor his prior federal drug conspiracy conviction constitutes a controlled substance offense for purposes of § 4B1.1.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Specifically, Basaldua contends that because a federal conspiracy under 21 U.S.C. § 846 does not require proof of an overt act, it does not meet the generic definition of conspiracy. However, he asserts that his argument is foreclosed by *United States v. Rodriguez-Escareno*, 700 F.3d 751, 754 (5th Cir. 2012), *cert. denied,* 2013 WL 1313840 (Apr. 29, 2013), and he has filed an unopposed motion seeking summary disposition.

As Basaldua concedes, we rejected materially indistinguishable arguments in *Rodriguez-Escareno,* 700 F.3d at 753-54. Although that case involved the definition of a drug trafficking offense under § 2L1.2 of the Guidelines, we discern no reason that its analysis should not apply to the nearly identical definition of a controlled substance offense for purposes of § 4B1.1. *See, e.g., United States v. Henao-Melo*, 591 F.3d 798, 803 & n.7 (5th Cir. 2009) (comparing the two definitions and noting that, given their similarities, this court cites decisions interpreting them interchangeably).

In light of the foregoing, Basaldua's motion for summary disposition is GRANTED. The judgment of the district court is AFFIRMED.