# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2013

Lyle W. Cayce
Clerk

No. 12-50226
c/w No. 12-50229
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO GUERRERO,

Defendant-Appellant

cons. w/ No. 12-50229

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO GUERRERO-RUBIO, also known as Juan Rojas,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-148-1
USDC No. 3:11-CR-2231-1

No. 12-50226
c/w No. 12-50229

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ramiro Guerrero pleaded guilty to being found unlawfully in the United States and was sentenced to a guideline range term of imprisonment of 46 months to be followed by a three-year term of supervised release. The district court also revoked Guerrero's term of supervised release on a prior conviction and imposed a sentence at the top of the advisory range of 10 months, to run consecutively to the illegal reentry sentence.

For the first time on appeal, Guerrero argues that his offense level was improperly enhanced under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his prior federal conviction for conspiracy to possess with intent to distribute cocaine. We review Guerrero's arguments only for plain error. *See United States v. Rodriguez-Escareno*, 700 F.3d 751, 753 (5th Cir. 2012). In *Rodriguez-Escareno*, this court held that a conviction for a federal drug trafficking offense and a conviction for the federal crime of conspiring to commit such an offense will support a sentence enhancement under § 2L1.2(b)(1)(A)(i). *Id.* at 753-54. Guerrero's arguments are foreclosed by *Rodriguez-Escareno*.

Guerrero concedes that precedent forecloses his argument that the lack of an empirical basis for § 2L1.2 precludes an appellate presumption that his 46-month sentence is reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009). However, he contends that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) because the Sentencing Guidelines account for a prior conviction both to increase his offense level and to calculate his criminal history score. Guerrero avers further that the guidelines range overstated the seriousness of his offense because his conduct

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not violent and that the guidelines range did not properly account for his personal history and characteristics, including his motive for reentering.

We review a sentence for reasonableness. *See Gall v. United States*, 552 U.S. 38, 56 (2007). Because it is within the properly calculated guidelines range, Guerrero's sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 350-51 (2007); *Mondragon-Santiago,* 564 F.3d at 366. Guerrero offers no good reason for us to disturb that presumption. *See Gall*, 552 U.S. at 51; *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Moreover, the sentence is not rendered unreasonable by the lack of empirical basis for the illegal reentry guideline or by any double-counting of Guerrero's criminal history. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We also find no merit in the argument that the sentence is unreasonable because illegal reentry amounts to a nonviolent trespass offense. *See Aguirre-Villa*, 460 F.3d at 683.

As his last point of error, Guerrero argues that imposing his revocation sentence to run consecutively to the sentence for his reentry offense was unreasonable. Because Guerrero failed to object to the reasonableness of his revocation sentence, review is for plain error. *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009).

The imposition of the consecutive revocation sentence is authorized by statute and preferred under the Guidelines. *See* 18 U.S.C. § 3584; § 7B1.3(f), p.s., & comment. (n.4). Guerrero has failed to show that the district court, in determining that the revocation sentence should run consecutively to the sentence for the underlying offense, plainly erred. *See Whitelaw,* 580 F.3d at 259-60.

AFFIRMED.