# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2013

No. 12-41416
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GUTIERREZ-LANDEROS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-70-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Gutierrez-Landeros pleaded guilty to one count of possession with intent to distribute 100 kilograms or more of marijuana. After determining that Gutierrez-Landeros was subject to the career offender enhancements of the Sentencing Guidelines, the district court downwardly departed and sentenced him to 168 months of imprisonment and five years of supervised release. Gutierrez-Landeros appeals, arguing that his prior 1988 and 1995

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drug conspiracy convictions do not constitute controlled substance offenses for purposes of the career offender provisions of U.S.S.G. §§ 4B1.1 and 4B1.2. Specifically, he contends that because a conviction for conspiracy under federal statutory conspiracy law does not require proof of an overt act, it does not meet the generic definition of conspiracy and does not constitute a controlled substance offense for purposes of §§ 4B1.1 and 4B1.2.

As Gutierrez-Landeros concedes, we rejected materially indistinguishable arguments in *United States v. Rodriguez-Escareno*, 700 F.3d 751, 754 (5th Cir. 2012), *cert. denied,* 133 S. Ct. 2044 (2013). Although *Rodriguez-Escareno* involved the definition of a drug trafficking offense under U.S.S.G. § 2L1.2, we discern no reason that its analysis should not apply to the nearly identical definition of a controlled substance offense for purposes of § 4B1.1. *See, e.g., United States v. Henao-Melo*, 591 F.3d 798, 803 & n.7 (5th Cir. 2009) (comparing the two definitions and noting that, given their similarities, this court cites decisions interpreting them interchangeably).

In light of the foregoing, Gutierrez-Landeros's unopposed motion for summary affirmance is GRANTED. The judgment of the district court is AFFIRMED.