# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2013

Lyle W. Cayce
Clerk

No. 12-41222
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE FERNANDEZ-RUBIO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-535-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Fernandez-Rubio appeals the 46-month sentence imposed following his guilty-plea conviction for being unlawfully present in the United States after having previously been deported. He argues that the district court erred when it characterized his prior conviction for conspiracy involving the importation of cocaine as a drug trafficking offense and increasing his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41222

According to Fernandez-Rubio, his conspiracy conviction is not a drug trafficking offense because, unlike the generic, contemporary definition of conspiracy, the federal drug conspiracy under 21 U.S.C. § 846, of which he was convicted does not require proof of an overt act in furtherance of the conspiracy. He concedes, however, that his argument is foreclosed by *United States v. Rodriguez-Escareno*, 700 F.3d 751, 753-54 (5th Cir. 2012), *cert. denied*, 2013 WL 1313840 (Apr. 29, 2013) (No. 12-9483).

In *Rodriguez-Escareno*, we concluded that a reasonable interpretation of the Guidelines provides that conspiring to commit a federal drug trafficking offense qualifies for the § 2L1.2(b)(1)(A)(i) enhancement. 700 F.3d at 753-54. Accordingly, Fernandez-Rubio's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.