**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Angel MORENO–DE LA CRUZ,
Defendant–Appellant.**

No. 12–51112
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 2013.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX for Plaintiff–Appellee.

Philip J. Lynch, Assistant Federal Public Defender, Donna F. Coltharp, Assistant Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Jose Angel Moreno–De La Cruz (Moreno) pleaded guilty to illegal reentry after the conviction of a felony. After applying a 16–level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) because of a prior conviction for drug trafficking, the district court sentenced Moreno to a 41–month term of imprisonment followed by a three-year term of supervised release. Moreno now challenges the 16–level enhancement. Because he did not object in the district court, we review for plain error. *See United States v. Gonzales*, 484 F.3d 712, 714 (5th Cir.2007).

Moreno argues that his conviction for conspiracy to commit a federal drug trafficking offense under 21 U.S.C. §§ 841, 846, cannot serve as the basis for applying an enhancement under § 2L1.2(b)(1)(A)(i). According to Moreno, because the Guidelines do not define "conspiracy," the court must look to the generic definition of conspiracy, which requires an overt act, and § 846 does not require an overt act. As Moreno concedes, his challenge is foreclosed by our decision in *United States v. Rodriguez–Escareno*, 700 F.3d 751 (5th Cir.2012), *cert. denied*, —— U.S. ——, 133 S.Ct. 2044, 185 L.Ed.2d 902 (2013), in which we rejected the identical argument. Moreno raises the issue only to preserve it for further review. In light of *Rodriguez–Escareno*, the district court committed no error, plain or otherwise. The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.