**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2013

No. 12-51224
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FAUSTO SERRANO-VALOIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:12-CR-389-1

Before JOLLY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Fausto Serrano-Valois (Serrano) pleaded guilty to being found in the United States following deportation. After applying a 12-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(B) because of a prior conviction for drug trafficking, the district court sentenced Serrano to a 30-month term of imprisonment; the court did not impose a supervised release term. On appeal, Serrano challenges the 12-level enhancement, arguing that his conviction for conspiracy to commit a federal drug-trafficking offense under 21 U.S.C. §§ 841

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and 846 cannot serve as the basis for applying an enhancement under § 2L1.2(b)(1)(B). According to Serrano, because the Guidelines do not define "conspiracy," the court must look to the generic definition of conspiracy, which requires an overt act, and § 846 does not require an overt act.

As Serrano concedes, his challenge is foreclosed by our decision in *United States v. Rodriguez-Escareno*, 700 F.3d 751, 753-54 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 2044 (2013), in which we rejected an identical challenge against a 16-level enhancement under § 2L1.2(b)(1)(A)(i). Serrano raises the issue only to preserve it for further review. In light of *Rodriguez-Escareno*, the district court did not err at sentencing. Consequently, the judgment of the district court is AFFIRMED.