**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 13a1039n.06**

**Nos. 13-3018, 13-3019**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **FILED**<br>Dec 18, 2013<br>DEBORAH S. HUNT, Clerk |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| **v.** | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **MARTIN SANBRIA-BUENO,** | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| **Defendant-Appellant.** | ) | |

**Before: DAUGHTREY, GIBBONS, and DONALD, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Martin Sanbria-Bueno, a Mexican citizen, was convicted of conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. § 846. Following his sentence, but while still on supervised release, he was removed from the United States. Three years later, he was again arrested in the United States for a drug offense. He pled guilty to illegal reentry.

At sentencing, the district court concluded that Sanbria-Bueno's prior conviction for conspiracy to commit a federal drug offense was a "drug trafficking offense" as defined in U.S.S.G. § 2L2.1(b)(1)(A)(i). Accordingly, the district court enhanced his offense level by sixteen levels. The district court then concluded that, in order to deter Sanbria-Bueno from committing future drug offenses in the United States, his sentence for violating the terms of his supervised release should be serve consecutive to the sentence for his reentry offense.

-1-

Sanbria-Bueno challenges the application of the enhancement, the district court's explanation for its imposition of consecutive sentences, and the substantive reasonableness of his sentence. Because the Guidelines themselves fairly define "drug trafficking offense" to include conspiracy to commit federal drug offenses, regardless of whether the federal offense has an overt act requirement, the district court did not err in applying the sixteen-level enhancement. Moreover, the district court adequately explained the reason for consecutive sentences and appropriately weighed the 18 U.S.C. § 3553(a) factors when calculating Sanbria-Bueno's sentence. We affirm.

## I.

In July 2008, Sanbria-Bueno, a citizen of Mexico, was found guilty of conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. § 846 in the United States District Court for the District of South Carolina. He was sentenced to thirty-seven months' imprisonment followed by five years of supervised release. The federal conspiracy conviction constituted an aggravated felony for purposes of the Immigration and Nationality Act. Consequently, once Sanbria-Bueno was released from prison in 2009, he was removed from the United States and barred from reentry absent permission from either the Attorney General or the Secretary of the Department of Homeland Security.

In July 2012, Sanbria-Bueno was found in the Franklin County jail in Columbus, Ohio, following a felony drug arrest. Sanbria-Bueno had reentered the country without obtaining the necessary consent and was charged in a single-count information with illegal entry following deportation for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). At the time, Sanbria-Bueno was still on supervised release for his earlier offense, and the United States District

Court for the Southern District of Ohio accepted a transfer of jurisdiction of his supervision under 18 U.S.C. § 3605.

Sanbria-Bueno pled guilty to illegal reentry. In calculating his advisory Guidelines range, the Presentence Report ("PSR") employed a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a). The PSR determined that, under Application Note 1(B)(iv) of that Guideline, Sanbria-Bueno's prior § 846 conviction met the criteria for a "drug trafficking offense." The PSR thus concluded that the sixteen-level enhancement of § 2L2.2(b)(1)(A)(i) applied. The PSR then applied a two-level decrease for acceptance of responsibility and a one-level decrease for timely notification of intent to enter a guilty plea, yielding a total offense level of twenty-one. Combined with his criminal history category of III, Sanbria-Bueno's Guidelines range was 46 to 57 months' imprisonment. Sanbria-Bueno filed a sentencing memorandum challenging the imposition of the sixteen-level enhancement. He argued that because his prior § 846 conspiracy conviction did not require an overt act, it was not a generic conspiracy, and therefore not a "drug trafficking offense" for purposes of § 2L2.1(b)(1)(A)(i).

The district court agreed with the PSR and with the government that the sixteen-level enhancement applied, reasoning that "the defendant's prior conviction for conspiracy is a conviction which is contemplated by the guideline provision for this enhancement." The district court then noted that:

> notwithstanding the argument that the enhancement shouldn't apply because the offense of conviction did not require an overt act—and even though that's incorrect—the Court would note that the record is clear in this case that the defendant engaged in numerous overt acts in the original offense of conviction. The Court has studied the Presentence Investigation Report in that case, . . . which clearly indicated that the defendant engaged in multiple overt acts. So, for all of those reasons, the Court is going to overrule the objection.

Defense counsel replied that the PSR could not establish the overt acts under *Shepard v. United States*, 544 U.S. 13 (2005), and its progeny. The district court then stated: "Well, I think it is beside the point . . . But, in any event, your objection is duly noted."

The district court turned to the § 3553(a) factors. The court, in discussing the nature and circumstances of the offense, stated, "[I]t is significant to note that he not only illegally returned to the United States but resumed the very same criminal activity, the same kind of criminal activity that resulted in his earlier conviction and deportation." Next, the district court considered Sanbria-Bueno's history and characteristics and noted that "his history includes the prior conviction for distribution of an extremely dangerous drug, black tar heroin." The district court also noted some mitigating circumstances, including the fact that Sanbria-Bueno had three children.

The district court, in considering the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, observed that Sanbria-Bueno "received considerable leniency in his first case, and that as a result . . . the sentence was, apparently, not sufficiently severe to deter him from engaging in illegal reentry and resuming his drug dealing activities." This, the district court reasoned, was "directly connected with the need for the sentence to protect the public from more crimes by the defendant."

For both offenses, the district court believed "that a few months more than the high end of the guideline range would be the minimum sentence necessary to achieve all of the goals of sentencing in this case." The district court stated that the sentences should be served consecutively and that the "combined sentence . . . will, hopefully, impress upon Mr. Sanbria-Bueno the seriousness of his criminal conduct and the seriousness of his offenses and that it will deter him from ever returning to the United States to engage in the kind of criminal activity that he engaged in."

Thus, the district court imposed a sixty-month prison term for the illegal reentry offense to run consecutive to a twelve-month prison term for the supervised release violation.

Sanbria-Bueno timely appealed. He asserts that the district court erred in imposing the sixteen-level enhancement, that the district court failed to make findings to support consecutive sentences, and that his combined sentence was substantively unreasonable.

**II.**

We review the district court's legal interpretation of the Guidelines *de novo*. *See United States v. Baker*, 501 F.3d 627, 629 (6th Cir. 2007). Guideline § 2L1.2 provides a base level of eight for illegal reentry and enhancement for specific offense characteristics. "If the defendant previously was deported . . . after—(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months," and if criminal history points were given for that offense, a sixteen-level enhancement applies. U.S.S.G. § 2L1.2(b)(1)(A)(i).

> Application Note 1(B)(iv) to that Guideline defines the term "Drug Trafficking Offense" as:
>
> an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iv.) Application Note 5 in turn clarifies that "[p]rior convictions of offenses counted under subsection (b)(1) include the offense of aiding and abetting, conspiring, and attempting, to commit such offenses." *Id.* at cmt. n.5.

"In determining the nature of a prior conviction, we apply a 'categorical' approach, looking to the statutory definition of the offense and not the particular facts underlying the conviction." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012) (citing *Sykes v. United States*, 131 S. Ct. 2267, 2272 (2011)). "[C]ourts normally start-and stop-by looking at 'the fact of conviction

-5-

and the statutory definition of the prior offense.'" *United States v. Medina-Almaguer*, 559 F.3d 420, 422 (6th Cir. 2009) (quoting *Taylor v. United States*, 495 U.S. 575. 602 (1990)).

Sanbria-Bueno was convicted under 21 U.S.C. § 846 for conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. § 841. Nevertheless, Sanbria-Bueno contends that the offense was not categorically a "drug trafficking offense" within the meaning of § 2L1.2(b)(1)(A)(i) because a generic conspiracy requires an overt act while § 846 does not. *See United States v. Shabani*, 513 U.S. 10, 17 (1994) (holding proof of an overt act is not required to establish a violation of § 846).

Sanbria-Bueno would have this court apply the analytical framework generally used to determine whether a defendant's prior state conviction was an offense enumerated in the Guidelines. This approach requires looking at a crime's "generic" meaning. *See Taylor*, 495 U.S. at 598; *Rede-Mendez*, 680 F.3d at 556. The approach urged by Sanbria-Bueno, however, is only applied to interpret the underlying offense where it is unclear in what sense the term was used by Congress, *see Taylor*, 495 U.S. at 598, or the Sentencing Commission, *see United States v. Soto-Sanchez*, 623 F.3d 317, 319–21 (6th Cir. 2010).

Here, the Commission's intent is clear. "The Guidelines themselves tell us that a conviction for a conspiracy to commit a federal drug trafficking offense will justify the application of the enhancement." *United States v. Rodriguez-Escareno*, 700 F.3d 751, 753–54 (5th Cir. 2012). Application Note 1 defines "drug trafficking offense" to include an offense under a federal law that prohibits the manufacture, import, export, distribution, or dispensing of, or the offer to sell a controlled substance, or the possession of a controlled substance with intent to manufacture, import, export, distribute or dispense. U.S.S.G. § 2L1.2, cmt. n.1(B)(iv). A violation of § 841(a)(1) is a

federal drug trafficking offense as defined in Application Note 1, and no one disputes it. Application Note 5, in turn clarifies that a conspiracy to commit an offense defined in Note 1 is also a "drug trafficking offense" for purposes of the Guidelines. U.S.S.G. § 2L1.2 cmt. n.5. The Commission expressly intended that a conviction under 21 U.S.C. § 846 for conspiracy to commit a federal drug offense proscribed by § 841 is a "drug trafficking offense" as defined in the Guidelines. *Cf. United States v. Williams*, 53 F.3d 769, 770–71 (6th Cir. 1995) (treating § 846 conspiracy offenses as "controlled substance offenses" under § 4B1.2).

Our conclusion today is similar to that of our sister circuit in *Rodriguez-Escareno*. 700 F.3d at 754.[1] There, the Fifth Circuit rejected the defendant's invitation to search for the "generic" meaning of conspiracy and held, "Application Note 5 is a clear statement by the Sentencing Commission that the enhancement applies to conspiracies to commit federal drug trafficking offenses." *Id*. at 754. To search for the generic meaning of the term "would only becloud what is clear from the Guideline itself." *Id*. We agree. Therefore, we hold that a conviction for a conspiracy under § 846 is categorically a drug trafficking offense and affirm the district court's application of § 2L1.2(b)(1)(A)(i)'s sixteen-level enhancement.

## III.

A criminal sentence must be both procedurally and substantively reasonable. *United States v. Byrd*, 689 F.3d 636, 639 (6th Cir. 2012). Claimed procedural errors not raised in the district court are reviewed for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008). Sanbria-Bueno concedes that plain error review applies to his claim that the district court inadequately

---

[1]The only case that Sanbria-Bueno identified to support his position was the Fifth Circuit's initial opinion in *Rodriguez-Escareno*, which was subsequently withdrawn and then amended.

explained its reasoning for imposing consecutive sentences. Under this standard of review, the defendant bears the burden of proof and must demonstrate (1) error (2) that is plain and (3) that affects substantial rights. *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005). An appellate court then may exercise its discretion to notice a forfeited error only if (4) "the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

**A.**

18 U.S.C. § 3584(a) provides: "If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(b) in turn states: "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." In discharging this duty, a "district court must indicate on the record its rationale, either expressly or by reference to a discussion of relevant considerations contained elsewhere." *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012). The purpose of this requirement is to ensure "meaningful appellate review." *Id.* Thus, although a district court is "not required to state a specific reason for a consecutive sentence, . . . it [is] nevertheless obliged to make generally clear the rationale under which it has imposed the sentence." *Id.* (internal quotation marks and citations omitted).

Sanbria-Bueno argues that the court imposed the twelve-month, consecutive supervised release sentence without any specific findings as to why a consecutive term was needed. This is

particularly so, Sanbria-Bueno, argues, in light of the fact that the court imposed an above-Guidelines sentence for the reentry offense.

Sanbria-Bueno's argument fails for two reasons. First, a district court need not make "specific findings" as to why a consecutive term was needed. We explicitly rejected this argument in *Cochrane*. *See* 702 F.3d at 346. Second, the district court did make a specific finding as to why a consecutive term was needed. The district court, following its discussion of the § 3553(a) factors, stated:

> The Court believes that a sentence of 12 months incarceration is the appropriate sentence for his violation of the terms of his supervised release. And the Court believes that that sentence should be served consecutive to the sentence imposed in the illegal reentry case.
>
> And the Court has attempted to arrive at a combined sentence that will, hopefully, impress upon Mr. Sanbria-Bueno the seriousness of his criminal conduct and the seriousness of his offenses and that it will deter him from ever returning to the United States to engage in the kind of criminal activity that he engaged in.

Not only was the district court's explanation of its reasoning clear, it was consistent with the Guidelines' advisory policy statement recommending a consecutive sentence for supervised release violations.[2] *See Vonner*, 516 F.3d at 387. Thus, the district court committed no error, let alone plain error.

**B.**

---

[2]U.S.S.G. § 7B1.3(f) provides:

Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Sanbria-Bueno also argues that the district court triple-counted his prior conspiracy conviction by using it to apply the sixteen-level enhancement under § 2L1.2, by using it to enhance his criminal history score, and by considering it when imposing an upward variance. Although raised as a claim of substantive unreasonableness, this claim is more properly construed as concerning the procedural reasonableness of his sentence. *See United States v. Lanning*, 633 F.3d 469, 477 (6th Cir. 2011). As Sanbria-Bueno raised this objection before the district court, we review this claim for abuse of discretion. *See United States v. Jeter*, 721 F.3d 746, 755–56 (6th Cir. 2013).

"In the Sixth Circuit, double counting occurs when 'precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways.'" *United States v. Wheeler*, 330 F.3d 407, 413 (6th Cir. 2003) (quoting *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999)). But "not all instances of double counting are impermissible." *Id.* Double- or triple-counting is permissible when "it appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct." *Farrow*, 198 F.3d at 194.

As to the sixteen-level enhancement and the increase in Sanbria-Bueno's criminal history score, the district court did not impermissibly double-count Sanbria-Bueno's prior felony conviction because the Commission intended to attach multiple penalties to the same conduct. *See Farrow*, 198 F.3d at 194. The application notes to section 2L1.2(b)(1) explicitly provide that "[a] conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four." U.S.S.G § 2L1.2 cmt. n.6. And this court has held that it is not impermissible to use a prior conviction to establish an offense level and a criminal history score. *See United States v. Crace*, 207 F.3d 833, 838 (6th Cir. 2000); *see also*

-10-

*United States v. Garcia-Cardenas*, 555 F.3d 1049, 1050 (9th Cir. 2009); *United States v. Crawford*, 18 F.3d 1173, 1178–79 (4th Cir. 1994).

The district court also did not impermissibly double- or triple-count when it analyzed the § 3553(a) factors and decided to vary upwards. A variance is not based on the Guidelines. *See United States v. Denny*, 653 F.3d 415, 420 (6th Cir. 2011). A sentencing court first calculates the applicable Guidelines range and only then does it consider the § 3553(a) factors in making an "individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). It is eminently reasonable to weigh a defendant's criminal history and the efficacy of prior sentences when selecting the appropriate sentence, regardless of whether it is within or above the Guidelines range. *See Lanning*, 633 F.3d at 477; *see also United States v. Dunn*, No. 12-3566-cr, 2013 WL 3368875, at *2 (2d Cir. July 8, 2013) ("In [defendant's] case, it would make no sense to ignore his criminal history and imperviousness to rehabilitative treatment in deciding what the right sentence—whether within, above or below the Guidelines—ought to be.").

That is precisely what the district court did here. The district court did not rely on the mere existence of the prior conviction in selecting the sentence, but rather considered the dangerous nature of the prior offense, the efficacy of the prior sentence, the risk posed by Sanbria-Bueno, and the goals of sentencing in varying upward. The district court thus concluded that the appropriate sentence for illegal reentry would be a few months more than the high end of the Guidelines range to run consecutive to the supervised release violation.

Other courts have permitted similar sentences in appropriate circumstances. *See, e.g.*, *United States v. Rivera-Santana*, 668 F.3d 95, 101–02 (4th Cir. 2012) (holding district court did not impermissibly engage in triple- or quadruple-counting when it relied on prior convictions to

determine that the sixteen-level enhancement applied, in calculating the criminal history category, in departing upward, and in varying upward); *United States v. Martinez-Carmona*, 415 F. App'x 811, 812 (9th Cir. 2011) (holding district court did not impermissibly engage in triple-counting when it relied on prior convictions to calculate criminal history category, enhance the offense level, and impose an upward variance); *United States v. Oliver*, 20 F.3d 415, 418–19 (11th Cir. 1994).

Therefore, we hold that the district court did not commit procedural error in considering Sanbria-Bueno's prior conviction in calculating his criminal history score, in applying the sixteen-level enhancement, and in varying upward.

**IV.**

Sanbria-Bueno also challenges the substantive reasonableness of his sentence. The substantive reasonableness of a sentence is reviewed for abuse of discretion. *See Byrd*, 689 F.3d at 639. "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

Sanbria-Bueno presents two arguments that his sentence was substantively unreasonable. First, he argues that when he was removed from the United States in 2009, he only received his deportation documentation in English, which he could not read. Consequently, he argues, he was not fully aware of the severity of returning illegally. Second, he argues that his family circumstances supported a Guidelines or below-Guidelines sentence.

Sanbria-Bueno's sentence is not substantively unreasonable. Sanbria-Bueno, through counsel, acknowledged at the sentencing hearing that "he understood that he couldn't be here without

authority or without permission from immigration." Whether Sanbria-Bueno fully understood the severity of his offense, he knew that reentry was illegal and, on this record, the district court appropriately weighed the § 3553(a) factors in selecting a combined sentence. Likewise, the district court appropriately considered Sanbria-Bueno's family circumstances but nevertheless concluded that the other factors enumerated in § 3553(a) outweighed their mitigating value. The district court did not abuse its discretion in weighing these factors on this record.

## V.

For the foregoing reasons, we affirm Sanbria-Bueno's sentence.