# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40664
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DENNIS DAGOBERTO PADILLA-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1692-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dennis Dagoberto Padilla-Garcia pleaded guilty to being illegally present in the United States following removal. The probation officer applied a 16-level crime of violence (COV) enhancement based on Padilla-Garcia's North Carolina conviction of conspiracy to commit robbery. Padilla-Garcia did not object to the enhancement, nor did he object to the probation officer's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination that he faced a maximum of 20 years of imprisonment. The district court sentenced Padilla-Garcia to a 46-month term of imprisonment.

Padilla-Garcia contends that the district court committed reversible plain error by applying the COV enhancement based on his North Carolina conviction of conspiracy to commit robbery, and he also contends that the district court plainly erred by treating the North Carolina conspiracy-to-commit-robbery conviction as an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2). As to both of the claimed errors, the gravamen of Padilla-Garcia's argument is that, because proof of an overt act was not required under North Carolina law, his conspiracy conviction was not one for generic "conspiracy" within the meaning of U.S.S.G. § 2L1.2 or the relevant provisions of federal immigration statutes.

To establish plain error, Padilla-Garcia must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but should do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To show that an error was clear or obvious, "[a] defendant need not show that the specific factual and legal scenario has been addressed but must at least show error in the straightforward applications of case law. By contrast, an error is not plain if it requires the extension of precedent." *United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012) (internal quotation marks and citations omitted).

Padilla-Garcia asserts that the issues he raises are foreclosed by *United States v. Pascacio-Rodriguez*, 749 F.3d 353, 367-68 (5th Cir. 2014), which determined that a Nevada conviction for conspiracy to commit murder, which likewise does not require an overt act, constituted a COV for purposes of the

§ 2L1.2(b)(1)(A)(ii) enhancement.    In *Pascacio-Rodriguez*, we rejected arguments similar to those made by Padilla-Garcia, indicating that it was not clear that this court's precedent required application of the categorical approach in discerning the elements of a conspiracy offense, and we cited *United States v. Rodriguez-Escareno*, 700 F.3d 751 (5th Cir. 2012), for the proposition that there was no need to find a meaning for "conspiracy" outside of the Guidelines because Application Note 5 of § 2L1.2 definitively showed that conspiracy offenses were intended for inclusion.  *Pascacio-Rodriguez*, 749 F.3d at 366-67.  In view of *Pascacio-Rodriguez*, Padilla-Garcia fails to establish clear or obvious error on the part of the district court.

Although we affirm the district court's judgment, summary disposition is not appropriate.  *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006).  Accordingly, we deny Padilla-Garcia's motion for summary disposition.

AFFIRMED; MOTION DENIED.