# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2015

Lyle W. Cayce
Clerk

No. 14-41049
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEGUNDO BOBADILLA-CHUCARI,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-280-1

Before JONES, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Segundo Bobadilla-Chucari appeals his 41-month within-guidelines sentence that was imposed following his conviction for illegal reentry after deportation. He challenges the district court's application of the 16-level enhancement set forth in U.S.S.G. § 2L1.2(b)(1)(A)(i). For the first time on appeal, he argues that his 2002 federal drug conspiracy conviction does not constitute a "drug trafficking offense" for purposes of § 2L1.2(b)(1)(A)(i)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41049

because the conviction could be obtained without proof of remuneration.  He also argues that the conviction does not constitute a "drug trafficking offense" for purposes of § 2L1.2(b)(1)(A)(i) because the conviction could be obtained without proof of an overt act in furtherance of the conspiracy.  He concedes that these arguments are foreclosed by circuit precedent, but he raises them to preserve for further appellate review.  Bobadilla-Chucari also challenges the substantive reasonableness of his sentence, arguing that his 2002 federal drug conspiracy conviction was stale and that the district court failed to consider his personal circumstances.  The Government moves for summary affirmance or, alternatively, for an extension of time to file an appellate brief.

As Bobadilla-Chucari concedes, his challenges to his sentence are subject to plain error review because he did not object on these grounds in the district court.  *See United States v. Moreno-Florean*, 542 F.3d 445, 448 (5th Cir. 2008).  To demonstrate plain error, Bobadilla-Chucari must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Bobadilla-Chucari correctly states that his arguments challenging the application of § 2L1.2(b)(1)(A)(i) are foreclosed by *United States v. Martinez-Lugo*, 782 F.3d 198, 204-05 (5th Cir. 2015), and *United States v. Rodriguez-Escareno*, 700 F.3d 751, 753-54 (5th Cir. 2012).  In *Martinez-Lugo*, 782 F.3d at 204-05, we held that application of § 2L1.2(b)(1)(A)(i) is warranted regardless whether a conviction for the prior offense required proof of remuneration or commercial activity.  In *Rodriguez-Escareno*, 700 F.3d at 753-54, we held that both a conviction for a federal drug trafficking offense and a conviction for the

2

No. 14-41049

federal crime of conspiring to commit such an offense will support an enhancement under § 2L1.2(b)(1)(A)(i).

Regarding the substantive reasonableness of Bobadilla-Chucari's sentence, the district court listened to the arguments in mitigation but found that a sentence at the bottom of his guidelines range was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Additionally, the "staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). Bobadilla-Chucari has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Although we conclude that the judgment may be affirmed without further briefing, summary affirmance is not appropriate. *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). Thus, the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance and the alternative motion for an extension of time to file a brief are DENIED.