NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0860n.06

Case No. 14-3257

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 14, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| DANIEL J. BROWN, III, aka D.J. Brown, oka | ) | OHIO |
| Daniel Joseph Brown, III, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: DAUGHTREY, CLAY, and COOK, Circuit Judges.

COOK, Circuit Judge. Daniel Brown pleaded guilty to conspiring to commit an offense against the United States for his role in holding a cognitively disabled adult and her minor child in a state of involuntary servitude. At sentencing, the district court varied upward from the advisory sentencing guidelines range to impose the statutory maximum penalty of 60 months' imprisonment. Brown appeals the reasonableness of that sentence, and we AFFIRM.

Between June 2011 and December 2011, Brown conspired with three others to hold a cognitively disabled adult, S.E., and her minor child, B.E., in a state of involuntary servitude at an apartment shared by two of his co-conspirators. Brown physically abused S.E. on numerous occasions, forced S.E. to hit her child, and nailed shut the windows in the room where the victims slept so they could not escape. Once, after the victims managed to escape, he recaptured

them by falsely promising to take them to a nearby ice cream store in his vehicle. The conspirators later forcibly shaved S.E.'s head and wrote demeaning comments on her face in permanent marker. Brown and his co-conspirators also stole S.E.'s federal benefits during her confinement, as well as pain pills prescribed to S.E. for injuries inflicted by members of the conspiracy.

After his arrest, Brown waived his right to prosecution by indictment and pleaded guilty to conspiring to commit an offense against the United States, 18 U.S.C. § 371. Under the terms of the plea agreement, the parties agreed to recommend a sentence within the applicable sentencing guidelines range. Both parties assented to the presentence investigation report's calculation of an adjusted offense level of 30 and the resulting advisory range of 121–151 months' imprisonment. Recognizing that Brown's crime carried a statutory maximum penalty of 60 months' imprisonment, however, the district court applied an offense level of 23, the highest offense level with a range (57–71 months) encompassing the maximum. The government moved for a five-level downward departure in return for Brown's substantial assistance in testifying at his co-conspirators' trial. The court granted the motion and calculated a final guidelines range of 33–41 months. It then varied upward from this range after considering the 18 U.S.C. § 3553(a) factors and imposed the statutory maximum penalty of 60 months' imprisonment.

Brown now appeals, arguing that the district court applied a procedurally and substantively unreasonable 19-month upward variance to his sentence. Specifically, he maintains that the court erred in relying on conduct already reflected in the guidelines calculation, failing to properly account for his cooperation with the government, and concluding that his criminal history exhibited "violence." We review the sentence for reasonableness under

an abuse-of-discretion standard. *United States v. Houston*, 529 F.3d 743, 753, 755 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 45–47 (2007)).

We find no abuse of discretion here, as the record shows that the district court adequately justified the upward variance. The court first explained that it felt compelled to vary upward to the statutory maximum in light of the "horrific" nature of the offense, the fact that Brown committed the offenses against "a mentally vulnerable adult and an entirely helpless child," and Brown's history of child endangerment and violence toward women. (R. 47, Sentencing Tr. at 27–31.) Looking to the § 3553(a) factors, the court concluded that a lower sentence would not justly punish the offense, sufficiently deter those who would "cruelly and brutally" degrade and restrain others, or adequately assure the public's protection. (*See* R. 47, Sentencing Tr. at 30–31.)

Brown's objections do not persuade us to disturb the court's well-reasoned decision. He first argues that the enhancements applied in calculating the guidelines range sufficiently captured the severity of his crime. But this court "ha[s] rejected the argument that a sentence is substantively unreasonable because the § 3553(a) factors on which the district court relied to sentence the defendant outside the advisory Guidelines range were already reflected in the Guidelines calculation." *United States v. Rossi*, 422 F. App'x 425, 436 (6th Cir. 2011) (citing *United States v. Tristan-Madrigal*, 601 F.3d 629, 636 n.1 (6th Cir. 2010)). And because the statutory maximum of 60 months required the court to scale back the offense level from 30 to 23, the ultimate guidelines range did not reflect most of the otherwise applicable guidelines enhancements.

Brown also contends that the court failed to sufficiently credit his cooperation and acceptance of responsibility. In essence, Brown "asks us to balance the factors *differently* than the district court did," but "[t]his is simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence." *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006).

Finally, Brown maintains that his prior conviction for misdemeanor assault failed to support the variance. Yet in concluding that Brown's criminal history reflected "violence," the court relied on not just his assault conviction, but on his admitted abuse of his own mother and his previous convictions for endangering and contributing to the delinquency of children. These facts, together with the court's measured consideration of the seriousness of the offense and the other § 3553(a) factors, adequately justified the upward variance.

Finding no abuse of discretion, we AFFIRM Brown's sentence.