**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 16a0408n.06

Case No. 15-1719

| UNITED STATES COURT OF APPEALS<br>FOR THE SIXTH CIRCUIT | **FILED**<br>Jul 19, 2016<br>DEBORAH S. HUNT, Clerk |

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| v. | ) THE WESTERN DISTRICT OF |
| | ) MICHIGAN |
| RENATA NICOLE ANNESE, | ) |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: COLE, Chief Judge; BATCHELDER and COOK, Circuit Judges.

COOK, Circuit Judge. Renata Annese pleaded guilty to wire fraud for stealing from her employer. The district court varied upward from the Sentencing Guidelines range of 41 to 51 months' imprisonment and imposed a 60-month sentence. She now challenges the reasonableness of her sentence, and we AFFIRM.

Annese worked as general manager for a Sleep Inn hotel for roughly nine years. During this time, Annese implemented a complicated credit-processing scheme to embezzle over $872,000 from the hotel. The theft severely depleted the hotel's finances, prompting its owner to pour substantial amounts of his own money into the business to keep it afloat. He drew from his retirement accounts, two life insurance policies, and his wife's personal savings. He also sold his

house, 55 acres of property, his Jeep, and his silver coin collection. Meanwhile, Annese used the spoils to purchase trips to Disney World, two cars, jewelry, spa services, and other luxury items.

As the hotel floundered, the owner confided in Annese about his dire financial situation and disclosed that he might have to sell the hotel. Upon learning this, Annese ramped up her theft, stealing over $300,000 in the final year of her scheme. True to his prediction, the owner was forced to sell the hotel in 2013. The buyer discovered Annese's fraud.

Annese pleaded guilty to wire fraud, and the pre-sentence report (PSR) calculated a Guidelines range of 41 to 51 months' imprisonment but also recommended a nine-month upward variance. Agreeing, the district court imposed a 60-month sentence. The court based its variance on the duration and extent of Annese's fraud, the fact that she escalated her theft upon discovering the owner's financial vulnerability, and its view that the Guidelines failed to capture the full spectrum of the harm she caused. Annese appeals her sentence.

We review sentences for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court commits procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.*

If the sentence is procedurally sound, we then consider its substantive reasonableness, asking whether it is "proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (quoting *United States v. Smith*, 505 F.3d 463, 470 (6th Cir. 2007)) (internal quotation marks omitted). "A sentence is

substantively unreasonable if the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011) (quoting *United States v. Baker*, 559 F.3d 443, 448 (6th Cir. 2009)).

Annese argues that the district court committed procedural error by relying on facts not found by a preponderance of the evidence and by engaging in impermissible "double counting." Annese forfeited these procedural arguments by not raising them below, triggering plain-error review. *See United States v. Ruiz*, 403 F. App'x 48, 51 (6th Cir. 2010); *United States v. Simmons*, 587 F.3d 348, 355–58 (6th Cir. 2009). But here, in the absence of a plain-error argument by the government, we apply the normal abuse-of-discretion standard.

First, Annese challenges the district court's fact-finding as speculative and not supported by a preponderance of the evidence. *See United States v. Aleo*, 681 F.3d 290, 298 (6th Cir. 2012). The district court varied upward after finding that the Guidelines loss calculation—a figure reflecting only the amount of money stolen—failed to capture the extent of loss suffered by the owner. Certain unquantifiable losses bothered the district court: the owner poured his time, energy, and life savings into a business he was forced to sell. Moreover, the owner paid taxes and franchise fees on the hotel's pre-theft income—money he, of course, never received. Finally, the court noted that, in a rush to buoy the hotel's finances, the owner sold personal assets at "distressed pric[es]." The Guidelines thus undervalued the owner's loss.

These factual determinations were not clearly erroneous. Both parties agreed that franchise fees and taxes were paid on the hotel's pre-theft income, as confirmed by an FBI report. Also, the owner's victim-impact statement, which the PSR incorporated, details that he sold his house "for a loss" and his 55-acre property "at a greatly discounted price." Annese

affirmatively forwent objecting to the factual content of the report and therefore accepted these facts as true. *See United States v. Adkins*, 429 F.3d 631, 632–33 (6th Cir. 2005) (citing *United States v. Stafford*, 258 F.3d 465, 476 (6th Cir. 2001)).

Annese faults the district court for not *quantifying* those losses. It is true that courts should not speculate in calculating the Guidelines loss figure, *see United States v. Comer*, 93 F.3d 1271, 1283–85 (6th Cir. 1996), or a restitution award, *see United States v. Thompson*, 501 F. App'x 347, 367 (6th Cir. 2012). But here, the district court did neither. The court simply concluded that the Guidelines loss calculation inadequately accounted for the owner's loss. A preponderance of the evidence supports that conclusion, and the district court need not specifically quantify that additional loss before varying upward under § 3553(a). *See United States v. Smith*, 516 F.3d 473, 478 (6th Cir. 2008) (upholding the district court's 21-month upward variance based, in part, on the fact that "there were many other victims [of the defendant's fraud], even though they may not be identifiable" (alteration in original)).

Annese next claims that the district court procedurally erred by "double counting" aspects of her crime in fashioning a sentence. Double counting occurs "when the same conduct is penalized under two separate guideline provisions." *Weinberger v. United States*, 268 F.3d 346, 353 (6th Cir. 2001) (citing *United States v. Smith*, 196 F.3d 676, 681 (6th Cir. 1999)); *see also United States v. Farrow*, 198 F.3d 179, 188, 195 (6th Cir. 1999) (finding double-counting error where the district court used the exact same conduct to establish both an elevated base offense level and a four-level enhancement). Here, the district court considered aspects of Annese's crime that already factored into the Guidelines range when it evaluated the § 3553(a) factors. We have previously rejected attempts to label this impermissible double counting. *See United States v. Sanbria-Bueno*, 549 F. App'x 434, 441 (6th Cir. 2013); *United States v. Rivera-*

*Hidalgo*, 458 F. App'x 449, 455 (6th Cir. 2012); *United States v. Jennings*, 407 F. App'x 20, 22 (6th Cir. 2011).

And to the extent that she claims this "double counting" renders her sentence substantively unreasonable, her argument also fails. "[W]e have rejected the argument that a sentence is substantively unreasonable because the § 3553(a) factors on which the district court relied to sentence the defendant outside the advisory Guidelines range were already reflected in the Guidelines calculation." *United States v. Rossi*, 422 F. App'x 425, 436 (6th Cir. 2011) (citing *United States v. Tristan-Madrigal*, 601 F.3d 629, 636 n.1 (6th Cir. 2010)); *see also United States v. Brown*, 593 F. App'x 444, 446 (6th Cir. 2014). We see no reason to depart from this precedent.

Finally, Annese claims that the nine-month upward variance is substantively unreasonable because a within-Guidelines sentence would have "mete[d] out sufficient punishment." Because the district court extensively discussed its justifications for the upward variance under the pertinent § 3553(a) factors, Annese bears a heavier burden of convincing us that her sentence is unreasonable. *See United States v. Wendlandt*, 714 F.3d 388, 397 (6th Cir. 2013); *United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012).

In determining Annese's sentence, the district court focused on the scale of the fraud: over "3,000 separate fraudulent [transactions] . . . [over a] six-and-a-half to seven-year period" amounting to a total loss of $872,000. The court also emphasized Annese's heightened culpability: She "knew that the owner was feeling the financial distress, knew the owner was liquidating other assets, borrowing from other places, knew the owner ultimately concluded he had to sell . . . but instead of coming clean at that point [Annese] actually accelerated the efforts to take money fraudulently." And the court noted that this was not a case of "theft for survival,"

as Annese spent a large portion of the stolen money on luxury items. *See United States v. Folliet*, 574 F. App'x 651, 659 (6th Cir. 2014) (upholding a nine-month upward variance where the district court "contrasted Defendant's conduct with one-time fraudulent transactions of financial necessity or poor judgment"). Finally, the court found that the Guidelines range failed to adequately account for the owner's true loss, as he had to sell his business and liquidate many personal assets.

On this record, the district court reasonably concluded that a nine-month upward variance was necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A). Accordingly, we AFFIRM.