Opinion by Judge CLIFTON; Dissent by Judge PAEZ.
OPINION
CLIFTON, Circuit Judge:
This sentencing appeal requires us to answer the following question: Is a federal drug trafficking conspiracy conviction a conviction for conspiracy to commit a drug trafficking offense? Or, to put it more precisely, does a prior federal conviction for •conspiring to possess marijuana with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), constitute a prior conviction for “conspiring! ] ... to commit” a “drug traf *902 ficking offense” as that phrase is used in the commentary to section 2L1.2(b)(l) of the Sentencing Guidelines, thereby making a defendant subject to a 16-level sentencing enhancement? No matter how the question is phrased, the answer, we conclude, is “yes.” We thérefore affirm the sentence that Defendant Juan Manuel Rivera-Constantino received and that he now challenges on appeal..
I. Background
In 2011, Rivera-Constantino was convicted of conspiracy to possess with intent to distribute approximately 195 kilograms of marijuana, a violation of 21 U.S.C. §§ 846, 841(a)(1). He was sentenced to 24 months in prison and 36 months of supervised release. Although Rivera-Constantino was deported to Mexico in 2011, he returned to the United States in August 2013 and was arrested. In March 2014, a jury found him guilty of one count of illegal reentry, 8 U.S.C. § 1326. In calculating the advisory range under the Sentencing Guidelines, the district court imposed a 16-level enhancement on the basis that Rivera-Constantino’s prior conviction for conspiracy to possess marijuana with intent to distribute was a predicate drug trafficking offense under U.S.S.G. § 2L1.2(b)(l). Rivera-Constantino objected to the application of this enhancement, but his objection was overruled. The district court imposed a sentence of 51 months in prison and 36 months of supervised release. That sentence was within the Guidelines range, including the 16-level enhancement. This appeal followed.
II. Discussion
Rivera-Constantino argues that the district court erred when it determined that his prior conviction for conspiracy made him subject to a 16-level sentencing enhancement pursuant to section 2L1.2(b)(l). We review the district court’s interpretation of the Sentencing Guidelines de novo. United States v. Grajeda, 581 F.3d 1186, 1188 (9th Cir.2009).
“U.S.S.G. § 2L1.2 is the Sentencing Guidelines provision applicable to defendants who illegally reenter the country in violation of 8 U.S.C. § 1326. The sentencing scheme embodied in [section] 2L1.2 imposes, via enhancements to the defendant’s base offense level, more severe punishment for defendants who have committed serious prior crimes.” United States v. Rosales-Garcia, 667 F.3d 1348, 1349 (10th Cir.2012). Under section 2L1.2(b)(l), a 16-level enhancement applies “[i]f the defendant previously was deported, or unlawfully remained in the United States, after ... a conviction for a felony that is ... a drug trafficking offense for which the sentence imposed exceeded 13 months....”[1]
According to Application Note 1 for this section, a “ ‘[d]rug trafficking offense’ ” is “an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled *903 substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.” U.S.S.G. § 2L1.2, cmt.' n.l(B)(iv) (2014). Application Note 5 further provides that “[p]rior convictions of offenses counted under subsection (b)(1) [a set of offenses that includes, among other things, ‘drug trafficking offenses’] include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses.” Id. at § 2L1.2, cmt. n.5 (emphasis added). “Application notes are binding on the courts in their construction of the Sentencing Guidelines.” United States v. Malley, 307 F.3d 1032, 1034 (9th Cir.2002) (citation and internal quotation marks omitted).
Rivera-Constantino’s central argument is that his prior conspiracy conviction is not encompassed by the word “conspiring” as used in Application Note 5. His 2011 conviction was for the crime of conspiracy to possess marijuana with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1).[2] This offense — like the overwhelming majority of federal conspiracy offenses — does not require proof of “any overt acts in furtherance of the conspiracy.” United States v. Shabani, 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). In contrast, in United States v. Garcia-Santana, 774 F.3d 528 (9th Cir.2014), we considered the appropriate treatment under a section of the Immigration and Nationality Act (“INA”) for a Nevada conviction for “conspiracy to commit the crime of burglary” in violation of Nev.Rev.Stat. §§ 199.480, 205.060(1). In that context, we defined the generic offense of conspiracy for purposes of 8 U.S.C. § 1101(a)(43)(U) as requiring an overt act. 774 F.3d at 534. Relying on Garciar-Santana, Rivera-Constantino asserts that it was error to impose the sentencing enhancement because his prior federal conspiracy conviction, which did not require an overt act, was not technically a “conspir[acy]” within the meaning of the word as it was used in Application Note 5.
Rivera-Constantino’s argument is creative but unpersuasive. We reject this argument because we do not accept the premise that the generic definition of conspiracy as articulated in Garciar-Santana is controlling in this context. Rather, we conclude that the clear intent of the Sentencing Commission in drafting section 2L1.2 and its accompanying commentary was to encompass a prior federal drug conspiracy conviction under 21 U.S.C. § 846.
“We apply the traditional rules of statutory construction when interpreting the [Sentencing [Guidelines,” United States v. Flores, 729 F.3d 910, 914 n. 2 (9th Cir.2013), and “[w]e interpret the Guidelines to give effect to the intent of the Sentencing Commission.” United States v. Gibson, 135 F.3d 257, 261 (2d Cir.1998). Interpreting a term used in the Guidelines based on its “generic definition” — the approach urged by Rivera-Constantino and discussed in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 *904 (1990) — represents a useful tool for divining legislative intent. But when the plain meaning of a term is readily apparent from the text, context, and structure of the relevant Guidelines provision and commentary, that meaning is dispositive and there is no need to rely on the “generic definition” framework. See Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1152 (9th Cir.2008) (en banc) (recognizing that it was “unnecessary to survey current criminal law to ascertain a federal definition because Congress has already supplied it”), overruled on other grounds by United States v. Aguila-Montes de Oca, 655 F.3d 915 (9th Cir.2011) (en banc) (per curiam), and abrogated by Descamps v. United States, — U.S.-, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013); cf. United States v. Gonzalez-Corn, No. 13-50480, — F.3d -,-,-, 2015 WL 4385278, at *1, *5 (9th Cir. July 17, 2015) (recognizing that where a “conviction qualifies as an aggravated felony on its face[,] ... there is no need to compare the elements of [a] conviction to the elements of a generic federal offense ... to determine if [the] conviction was for an .aggravated felony” and concluding that the “categorical matching analysis is inapplicable ... because there is nothing to match”).[3]
Our dissenting colleague suggests that reliance on the federal definition embodied in 21 U.S.C. § 846 would be “inapposite” because “Congress used the word ‘conspiracy’ both for crimes with an overt act element and for others without such an element” and because “Congress has not supplied a single set of elements that define ‘conspiracy’ for us to use in interpreting U.S.S.G. § 2L1.2 cmt. n.5.” Dissent at 908. But at least with regards to federal drug trafficking conspiracies, Congress surely has provided a single, clear definition: the one articulated in 21 U.S.C. § 846. This, we conclude, was overwhelmingly likely to have been the meaning intended by the Sentencing Commission, notwithstanding the generic meaning of the word “conspiracy” as used in other contexts.
Taylor itself is instructive on this point. In Taylor, the Supreme Court began by emphasizing that:
[o]n the face of the federal enhancement provision, it is not readily apparent whether Congress intended “burglary” to mean whatever the State of the defendant’s prior conviction defines as burglary, or whether it intended that some uniform definition of burglary be applied to all cases.... And if Congress intended that a uniform definition of burglary be applied, was that definition to be the traditional common-law definition, or [a] broader “generic” definition[) ... or some other definition specifically tailored to the purposes of the enhancement statute?
495 U.S. at 580, 110 S.Ct. 2143 (footnote omitted).
Here, in contrast, it is readily apparent that the Sentencing Commission intended section 2L1.2(b)(l) to encompass as predicate offenses federal drug conspiracy convictions that do not require proof of an overt act. To hold otherwise would be to conclude that the Sentencing Commission intended to exclude federal drug trafficking conspiracy offenses when it used the word “conspiring” to modify the phrase “drug trafficking offenses.” Such a result would be not just marginally “underinclusive,” as the results of the categor *905 ical approach sometimes are, Moncrieffe v. Holder, — U.S. -, 133 S.Ct. 1678, 1692, 185 L.Ed.2d 727 (2013), but downright absurd. Why would the Sentencing Commission intend to exclude from the term “drug trafficking offenses” a federal conviction for a drug trafficking offense under federal law? Congress has decided not to require an overt act as an element of federal drug conspiracy, and we have no reason to conclude that the Sentencing Commission intended to abrogate that decision. Indeed, to adopt such an interpretation would run counter to basic notions of common sense. “[I]n the course of the application of the [Sentencing [G]uidelines, as in the application of any legal concept, the use of ‘common sense’ 'is more than just relevant, but required.” United States v. White, 903 F.2d 457, 462 (7th Cir.1990). We reject Rivera-Constantino’s reading of section 2L1.2(b)(l) because “[cjourts ought not read the Guidelines in a way that makes the Sentencing Commission look foolish.” United States v. Turner, 998 F.2d 534, 538 (7th Cir.1993).
Our interpretation of section 2L1.2(b)(l) is further supported by an examination of the Sentencing Guidelines as a whole. See United States v. Leal-Felix, 665 F.3d 1037, 1041-42 (9th Cir.2011) (“Interpretation of a word or phrase [in a statute] depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis.” (alteration in original; citation and internal quotation marks omitted)). The term “conspiracy” is used elsewhere in the Guidelines (and associated commentary and appendices) to encompass a conspiracy conviction under 21 U.S.C. § 846. See, e.g., U.S.S.G. § 2D1.1; U.S.S.G. § 2X1.1. “A standard principle of statutory construction provides that identical words and phrases within the same statute should normally be given the same meaning.” Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 232, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007).
Moreover, the two other circuits that have considered this question have both held that the Sentencing Commission intended section 2L1.2(b)(l) to encompass federal drug trafficking conspiracies. The Fifth Circuit has concluded that “[t]here is no reason to search outside the Guidelines for a definition of ‘conspiracy’ applicable to this enhancement” because “Application Note 5 is a clear statement by the Sentencing Commission that the enhancement applies to conspiracies to commit federal drug trafficking offenses.” United States v. Rodriguez-Escareno, 700 F.3d 751, 754 (5th Cir.2012) (footnote omitted). The Sixth Circuit has similarly held that “[a] violation of § 841(a)(1) is a federal drug trafficking offense as defined in Application Note 1” and that “Application Note 5 ... clarifies that a conspiracy to commit an offense defined in Note 1 is also a ‘drug trafficking offense’ for purposes of the Guidelines.” United States v. Sanbria-Bueno, 549 Fed.Appx. 434, 439 (6th Cir.2013).
Our prior decision in Garcia-Santana, 774 F.3d 528, does not compel a contrary conclusion. In Garcia-Santana, we held “that the generic definition of ‘conspiracy’ under [a provision of] the Immigration and Nationality Act ... include[d] proof of an overt act in furtherance of the conspiracy.” Id. at 532. Here, in contrast, we are called upon to interpret the Sentencing Guidelines, not the INA. In addition, the predicate conviction we consider here is a federal offense, not a conviction under state law. Although it is true that “decisional law defining [a] term ... [used] in the sentencing context ... is informed by the definition of the same term in the immigration context,” United States v. Medina-Villa, *906 567 F.3d 507, 511 (9th Cir.2009) (citations and footnote omitted), we will not blindly import a definition when the context makes clear that doing so would be inappropriate. The language used in the provision at issue here is materially different from that used in the provision considered in Garciar-Santana, and the context is entirely different. Cf. United States v. Leal-Vega, 680 F.3d 1160, 1165 (9th Cir.2012) (noting that “our holdings in the immigration context do not definitively resolve the issue ... because the text of the immigration statute ... differs from the text of the Sentencing Guidelines”).
We conclude that we need not rely on a generic definition analysis because the plain meaning of section 2L1.2(b)(l) and related commentary is to encompass 21 •U.S.C. § 846 as a predicate offense.[4]
III. Conclusion
The district court properly determined that the 16-level sentencing enhancement applied to Rivera-Constantino based on his prior federal drug conspiracy conviction. We affirm the sentence.
AFFIRMED.

. Section 2L1.2'(b)(l)(A) has been memorably described as "a sentence only a grammar teacher could love,” with "passive voice, followed by a scraggly expression of time (‘previously ... after’), then a train of prepositional phrases linked one after another and themselves rudely interrupted by a pair of parenthetical punctuations.” Rosales-Garcia, 667 F.3d at 1356 (Gorsuch, J., dissenting). Fortunately, the basic meaning of the sentence is clear: "[I]f the defendant was deported after a drug-trafficking felony conviction for which the sentence imposed exceeded thirteen months, then apply the 16-level enhancement.” Anna Natalie Rol, Comment, U.S. vs. Them: A Perspective on U.S. Immigration Law Arising from United. States v. Rosales-Garcia and the Combination of Imprisonment and Deportation, 90 Denv. U.L. Rev. 769, 790 (2012).

. 21 U.S.C. § 846 provides that “[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.” 21 U.S.C. 841(a)(1), in turn, makes it unlawful “for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance....” See United States v. O'Brien, 52 F.3d 277, 278 (9th Cir.1995) (“The language of section 846 is clear. 'A person who conspires to distribute a controlled substance described by section 841(a)(1) is subject to the same penalties prescribed for a section 841(a) offense.”).

. In the words .of another circuit, we "discern from the language that the Sentencing Commission used whether it intended for an overt act to be an element of every conspiracy conviction,” rather than by "employ[ing] the categorical approach to discern the elements of ‘conspiracy.’ ” United States v. Pascacio-Rodriguez, 749 F.3d 353, 358 (5th Cir.2014).

. We emphasize that our holding is a narrow one. We need not, and do not, consider the meaning of the phrase “conspiring ... to commit ... a ‘drug trafficking offense’ ” as it relates to conspiracy convictions under state law, for example. We hold only that, in this context, the plain meaning of the language used by the Sentencing Commission was to encompass a prior federal drug conspiracy conviction under 21U.S.C.§ 846.