NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 8 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30340 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00123-SPW-1 |
| v. | |
| TONY REYES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted September 8, 2017**
Portland, Oregon

Before: THOMAS, Chief Judge, and CLIFTON and NGUYEN, Circuit Judges.

Tony Reyes appeals his sentence after pleading guilty to conspiracy to

possess with intent to distribute a controlled substance in violation of 21 U.S.C.

§ 846 and conspiracy to commit money laundering in violation of 18 U.S.C.

§ 1956(h). The district court applied a career offender enhancement under United

_____

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

States Sentencing Guideline § 4B1.1 because it found that Reyes had two prior felony convictions for controlled substance offenses. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court correctly found that Wyoming's drug conspiracy statute, Wyo. Stat. § 35-7-1042, and its delivering controlled substances statute, Wyo. Stat. § 35-7-1031(a)(ii), formed the bases for Reyes's July 2003 conviction for conspiracy to deliver a controlled substance. Reyes argues that his conviction was only under Wyoming Statute § 35-7-1042, the conspiracy statute. If true, that conviction would not be a categorical match for a "controlled substance offense" under Sentencing Guideline § 4B1.1 because § 35-7-1042 criminalized a broader swath of conduct than the federal definition, including mere conspiracy to possess. For purposes of the categorical analysis where a defendant has been convicted of conspiracy to commit an offense, however, we have treated both the generic conspiracy statute *and* the statute governing the underlying offense as the basis for the defendant's conviction. *See, e.g.*, *United States v. Rivera-Constantino*, 798 F.3d 900, 901–05 (9th Cir. 2015). Moreover, a Wyoming conviction solely for conspiring to commit a generic substance abuse offense is not possible, as Wyoming law makes the specific substance abuse offense an element of a drug conspiracy conviction. *See Wyo. Criminal Pattern Jury Instructions*, 111.12, Use Note (2014); *see, e.g.*, *Adams v. State*, 79 P.3d 526, 528 (Wyo. 2003) ("After trial,

2

a jury convicted [the defendant] of conspiracy to deliver a controlled substance, methamphetamine, in violation of Wyo. Stat. Ann. §§ 35-7-1042 *and* 35-7-1031(a)(i)." (emphasis added)); *Baker v. State*, 223 P.3d 542, 546 (Wyo. 2010).

**2.**     Reyes's 2003 conviction qualifies as a controlled substance offense. First, Wyoming's drug conspiracy statute was explicitly modeled after its federal equivalent, 21 U.S.C. § 846, *see Marquez v. State*, 12 P.3d 711, 715 (Wyo. 2000), and we have held that 21 U.S.C. § 846 is a categorical match for the definition of conspiracy in the Sentencing Guidelines, *Rivera-Constantino*, 798 F.3d at 904–05. Second, delivering cocaine is a state drug offense where the punishment can exceed one year. *See* Wyo. Stat. § 35-7-1031(a)(ii).[1] The 2003 conviction is therefore a categorical match for a controlled substance offense under Sentencing Guideline § 4B1.1(a), and the district court was correct in applying the career offender enhancement.

**AFFIRMED.**

---

[1] As Wyoming Statute § 35-7-1031(a)(ii) refers to "[a]ny other controlled substance classified in Schedule I, II or III," we can only find that Reyes was convicted of conspiring to deliver cocaine if the statute is divisible under the modified categorical approach. *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Recently, in *United States v. Martinez-Lopez*, No. 14-50014, 2017 WL 3203552, at *2, 4–5 (9th Cir. July 28, 2017) (en banc), we held that a California drug statute is divisible with regard to its controlled substance requirement. Wyoming Statute § 35-7-1031(a)(ii) is similarly divisible. For example, as with the California statute, *id.* at *5, Wyoming jury instructions suggest that the specific substance is an element of the drug delivery statute. *Wyo. Criminal Pattern Jury Instructions*, p. 111.02, Use Note (2014).