UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


FILED

SEP 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CANDIDO GONZALEZ DOMINGUEZ,
AKA X. Chico, AKA Jose Luis Cuevas,
AKA Juan Carlos Enrique, AKA Carlos
Juan Enriquez, AKA Carlos Gonzalez, AKA
Juan Carlos Horigua, AKA Chico Moniker,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No. 15-72814

Agency No. A074-208-146

ORDER AMENDING
MEMORANDUM DISPOSITION
AND DENYING PETITION FOR
PANEL REHEARING

Before: WARDLAW and CALLAHAN, Circuit Judges, and KENDALL,[*] District Judge.

The memorandum disposition filed August 2, 2018 (Docket Entry No. 70),

is amended as follows:

On page 8, replace the sentence beginning on the sixth line down from the

top of the page:

Such a peek at the record supports the conclusion that the dangerous
drug component is divisible.

with

Taking such a peek, we observe that the indictment, the criminal

---

[*] The Honorable Virginia M. Kendall, United States District Judge for
the Northern District of Illinois, sitting by designation.

complaint, the plea agreement, and the sentencing order all identify methamphetamine and no other drug listed in § 13-3407(A)(7). This indicates that the statute contains a list of elements. *See id.* at 2257 ("[A]n indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime."). We thus conclude that the dangerous drug component is divisible.

With the foregoing amendment to the memorandum disposition, Petitioner's petition for panel rehearing (Docket Entry No. 73) is denied. No further petitions for rehearing will be accepted in this case.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| CANDIDO GONZALEZ DOMINGUEZ, AKA X. Chico, AKA Jose Luis Cuevas, AKA Juan Carlos Enrique, AKA Carlos Juan Enriquez, AKA Carlos Gonzalez, AKA Juan Carlos Horigua, AKA Chico Moniker, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent-Appellee. | No. 15-72814 Agency No. A074-208-146 AMENDED MEMORANDUM* |

On Petition for Review of a Final Order of the
Board of Immigration Appeals

Argued and Submitted April 3, 2017
Pasadena, California
Resubmitted August 2, 2018

Before: WARDLAW and CALLAHAN, Circuit Judges, and KENDALL,**
District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Candido Gonzalez-Dominguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's ("BIA") order affirming its decision that Gonzalez was ineligible for cancellation of removal because his conviction fell within the definition of an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(B) and (U). We have jurisdiction under 8 U.S.C. § 1252 and review the BIA's decision, which involved a purely legal question, *de novo*. *See Medina–Lara v. Holder,* 771 F.3d 1106, 1117 (9th Cir. 2014).

**1.** Pursuant to 8 U.S.C. § 1229b(a)(3), the Attorney General may cancel the removal of a lawful permanent resident who has not been convicted of an aggravated felony, which the Immigration and Nationality Act ("INA") defines as including "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)," 8 U.S.C. § 1101(a)(43)(B), as well as a "conspiracy to commit" that offense, *id.* § 1101(a)(43)(U).

Gonzalez pleaded guilty under Arizona Revised Statute § 13-1003 to conspiracy to transport dangerous drugs for sale, a class 2 felony, in violation of Arizona Revised Statute § 13-3407(A)(7). Section 13-3407(A)(7) makes it illegal for an individual to knowingly "[t]ransport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer a

2

dangerous drug." Ariz. Rev. Stat. § 13-3407(A)(7). Arizona Revised Statute § 13-3401(6) provides a schedule of dangerous drugs.

To determine whether Gonzalez's state law conviction is an aggravated felony for purposes of the INA, the Court first asks whether the Arizona statutes at issue—Arizona Revised Statute § 13-1003 (conspiracy), § 13-3407(A)(7) (transportation of dangerous drugs), and § 13-3401(6) (list of dangerous drugs)— are categorical matches to the generic federal offenses. *United States v. Martinez-Lopez*, 864 F.3d 1034, 1038 (9th Cir. 2017) (en banc), *cert. denied*, 138 S. Ct. 523 (2017). If the Arizona statutes are broader than the corresponding generic federal offenses, we look to whether the state statutes are divisible—that is, whether they "set[] out one or more elements of the offense in the alternative," *Descamps v. United States*, 570 U.S. 254, 257 (2013), instead of merely "enumerat[ing] various factual means of committing a single element." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). To determine whether a statute is divisible, we look first to controlling state law. *Martinez-Lopez*, 864 F.3d at 1039. When a state court decision that "definitively answers the question" has not been issued, we look to the plain language of the statute to see if the disjunctive list: (1) identifies what must be charged (elements); (2) identifies what alternatives carry different

3

punishments (elements), or (3) includes an illustrative list (means). *Mathis*, 136 S. Ct. at 2256.

If any of the statutes at issue are overbroad and indivisible, the inquiry ends and the conviction cannot be considered an aggravated felony. *Martinez-Lopez*, 864 F.3d at 1039. If a statute is overbroad but divisible, however, we apply the modified categorical approach and look to "judicially noticeable documents of conviction to determine which statutory phrase was the basis for the conviction" to determine if Gonzalez's conviction is for an aggravated felony. *Id.* (internal quotation omitted).

The Arizona conspiracy statute at issue, Arizona Revised Statute § 13-1003, is a categorical match to the generic federal definition of conspiracy under the INA, 8 U.S.C. § 1101(a)(43)(U). Section 13-1003 and the generic federal definition have the same three elements: (1) intent to promote or aid the commission of an offense; (2) an agreement to engage in the offense; and (3) an overt act. Ariz. Rev. Stat. § 13-1003; *United States v. Garcia-Santana*, 774 F.3d 528, 534–35 & n.4 (9th Cir. 2014).[1]

---

[1]Instead of applying the generic federal definition of conspiracy which is applicable here, Petitioner, relying on our decision in *United States v. Rivera-Constantino*, 798 F.3d 900 (9th Cir. 2015), urges the Court to apply the definition of conspiracy "applicable in the context of a conspiracy to . . . violat[e] 21 U.S.C. 841(a)(1)" under 21 U.S.C. § 846, which does not include an overt act

**2.** We next turn to Arizona Revised Statute § 13-3407(A)(7), which makes it illegal for an individual to knowingly "[t]ransport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer a dangerous drug." Ariz. Rev. Stat. Ann. § 13-3407(A)(7). Petitioner challenges the divisibility of both the statute's actus reus and dangerous drug requirements.

The government concedes that the actus reus component of Arizona Revised Statute § 13-3407(A)(7) is overbroad because "importing a dangerous drug into Arizona" is not an aggravated felony under § 1101(a)(43)(B) because "importation" lacks a trafficking element. Nevertheless, the government maintains that the statute is divisible. Based upon controlling state law and the plain language of the statute, we agree.

In *State v. Cheramie*, 189 P.3d 374 (Ariz. 2008), the Arizona Supreme Court determined that simple possession under § 13-3407(A)(1) is a lesser-included offense of transportation for sale pursuant to § 13-3407(A)(7). *Id.* at 376. In

requirement. Following Petitioner's approach would undermine *Garcia-Santana* by creating at least two different generic definitions of conspiracy applicable under different circumstances, depending on the object of the conspiracy. Furthermore, in *Rivera-Constantino*, we recognized that the definition of conspiracy in § 846 was "materially different" from the generic definition of conspiracy applicable to the INA and that the "context is entirely different." 798 F.3d at 906.

doing so, the Court found that to prove transportation for sale, the state must prove that the defendant (1) knowingly (2) transported (3) a dangerous drug (4) for sale. *Id.* The Court, which referred to the "transportation for sale" element as a distinct crime, noted that the ordinary definition of transport is "to carry, move, or convey from one place to another" but did not define "transport" as including any of the other distinct actus rei components of § 13-3407(A)(7). *Id.* Although some of the actus rei of § 13-3407(A)(7) (e.g., import, transfer) could potentially be read to fall within the Court's definition of "transport," other components of § 13-3407(A)(7), including "offering to transport," "sell" and "offer to sell" do not include a transportation element, which indicates that the actus reus requirement of the statute is composed of distinct, and therefore divisible, elements. At least one of the unpublished Arizona Appellate Court decisions cited by Petitioner supports this conclusion. *See State v. Bradley*, No. 2 CA-CR 2015-0296, 2016 WL 4547161, at *3 (Ariz. Ct. App. Aug. 31, 2016) (noting that offering to transfer drugs under Section 13-3407(A)(7) "could be committed without necessarily possessing methamphetamine," while other actus rei components of § 13-3407, like transporting for sale, necessarily require possession).

**3.** We next move to the divisibility of the dangerous drug requirement of § 13-3407(A)(7). The parties agree that Arizona's "dangerous drugs" schedule, as

6

detailed in Arizona Revised Statute § 13-3401(6), is overbroad, as it classifies at least one substance as a dangerous drug that was not listed in the relevant Controlled Substances Act schedules at the time of Gonzalez's conviction.

The government, however, urges us not to reach the merits of this argument, because Gonzalez failed to adequately present the argument before the BIA. We disagree. In a footnote in one of his briefs before the BIA, Gonzalez outlined his argument that Arizona's list of dangerous drugs was overbroad and indivisible. Although the BIA did not address the issue, Gonzalez's argument was sufficiently detailed to satisfy his obligation to exhaust his administrative remedies. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873–74 (9th Cir. 2008) (finding that petitioner provided BIA with sufficient notice of his challenge even though his brief focused on a different part of the aggravated felon definition).

**4.** Unlike the California statute we examined in *Martinez-Lopez*, there is no controlling state law definitively answering whether the dangerous drug requirement of § 13-3407(A)(7) is divisible, and the plain language of the statute does not clarify the matter. The authority cited by both parties is mixed and some is non-precedential. Although the relevant pattern jury instruction supports the conclusion that the dangerous drug requirement is indivisible, as the government points out, the Arizona Supreme Court does not draft or approve the Arizona

7

pattern instructions. *See State v. Logan*, 30 P.3d 631, 633 (Ariz. 2001). When state law fails to provide clear answers as to the divisibility of a statute, courts can 'peek' at the petitioner's conviction record for "'the sole and limited purpose of determining whether [the listed items are] element[s] of the offense.'" *Mathis*, 136 S. Ct. at 2256-57 (quoting *Rendon v. Holder*, 782 F.3d 466, 473–74 (9th Cir. 2015) (Kozinski, J., dissenting from denial of reh'g en banc)). Taking such a peek, we observe that the indictment, the criminal complaint, the plea agreement, and the sentencing order all identify methamphetamine and no other drug listed in § 13-3407(A)(7). This indicates that the statute contains a list of elements. *See id.* at 2257 ("[A]n indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime."). We thus conclude that the dangerous drug component is divisible.[2]

**5.** Because the actus reus and dangerous drug components of § 13-3407(A)(7) are divisible, we apply the modified categorical approach to determine

---

[2] The Petitioner also urges the Court to find Arizona's definition of methamphetamine to be overbroad because Arizona does not exempt Levmetamfetamine ("L-Meth"), an isomer of methamphetamine, from its definition whereas L-Meth is exempt from criminalization under the CSA when it is found in an inhaler. We already rejected this argument in *United States v. Vega-Ortiz*, 822 F.3d 1031, 1035–36 (9th Cir. 2016).

if Gonzalez's conviction is an aggravated felony.   An examination of Gonzalez's conviction records, which extends to the charging documents, plea agreement and plea colloquy, makes clear that Gonzalez was convicted of conspiracy to transport for sale methamphetamine, which qualifies as an aggravated felony under the INA. *See* 21 U.S.C. §§ 802(6), 812.

      **PETITION DENIED**.