# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2500

_____

United States of America

*Plaintiff - Appellee*

v.

Edward Merritt

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 18, 2019
Filed: August 16, 2019

_____

Before SMITH, Chief Judge, KELLY and KOBES, Circuit Judges.

_____

KELLY, Circuit Judge.

Edward Tyrone Merritt pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district court[1] determined that Merritt's prior conviction under 21 U.S.C. §§

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

841(a)(1), (b)(1)(A), and 846 for conspiracy to possess with intent to distribute 50 grams or more of cocaine qualified as a "controlled substance offense." As a result, it calculated a base offense level of 20 under United States Sentencing Guidelines § 2K2.1(a)(4)(A) (2016) and an advisory Guidelines range of 46 to 57 months of imprisonment. The district court sentenced Merritt to 46 months. Merritt appeals his sentence, arguing that his prior drug conspiracy conviction is not a controlled substance offense under the Guidelines.

When reviewing a sentence for procedural error, "we review the district court's construction and application of the sentencing [G]uidelines *de novo* and its factual findings for clear error." United States v. Maldonado, 864 F.3d 893, 897 (8th Cir. 2017) (cleaned up) (quoting United States v. Hagen, 641 F.3d 268, 270 (8th Cir. 2011)).

The Guidelines define a controlled substance offense as "an offense under federal or state law . . . that prohibits . . . the possession of a controlled substance . . . with intent to . . . distribute." USSG § 4B1.2(b). The commentary states that a "'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offense[]." USSG § 4B1.2(b), cmt. (n.1).

Merritt first argues that drug conspiracy convictions do not fall within this definition because Note 1 cannot add conspiracy offenses to the definition in § 4B1.2(b), which he argues specifically omits inchoate offenses. This argument is foreclosed by United States v. Mendoza-Figueroa, 65 F.3d 691 (8th Cir. 1995) (en banc), in which our en banc court determined that conspiracy to commit a controlled substance offense is itself a controlled substance offense as defined by the Guidelines. See id. at 694. Our panel may not overrule a decision of the en banc court. United States v. Lucas, 521 F.3d 861, 867 (8th Cir. 2008).

Merritt argues in the alternative that, under the categorical approach, § 846 conspiracy is broader than generic conspiracy because it does not require an overt act. Because Merritt did not raise this argument before the district court, we review for plain error. See United States v. Thomas, 886 F.3d 1274, 1275 (8th Cir. 2018). To succeed on plain error review, Merritt must show (1) an error; (2) that is plain; (3) that affects his substantial rights; and (4) that seriously affects "the fairness, integrity, or public reputation of judicial proceedings." United States v. Boman, 873 F.3d 1035, 1040 (8th Cir. 2017) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

This court has not yet considered whether courts must apply the categorical approach to determine whether a conviction under § 846, a federal statute, qualifies as a controlled substance offense. In analogous circumstances, our sister circuits appear split as to whether it is necessary to determine whether a federal conspiracy statute is a categorical match for generic conspiracy. Compare United States v. Rivera-Constantino, 798 F.3d 900, 903–04 (9th Cir. 2015) (concluding there is no need to ascertain whether § 846 conspiracy is a categorical match for generic conspiracy to determine that § 846 conspiracy qualifies as a "drug trafficking offense" within the meaning of USSG § 2L1.2); United States v. Sanbria-Bueno, 549 F. App'x 434, 438–39 (6th Cir. 2013) (same); United States v. Rodriguez-Escareno, 700 F.3d 751, 753–54 (5th Cir. 2012) (same); with United States v. McCollum, 885 F.3d 300, 305–09 (4th Cir. 2018) (holding conspiracy to commit murder in aid of racketeering under 18 U.S.C. § 1959(a)(5) is not a categorical match for generic conspiracy and therefore not a "crime of violence" within the meaning of USSG § 4B1.2(a)); United States v. Martinez-Cruz, 836 F.3d 1305, 1313–14 (10th Cir. 2016) (holding § 846 conspiracy is not a categorical match for generic conspiracy and therefore not a "drug trafficking offense" within the meaning of USSG § 2L1.2). "[G]iven the lack of authority on this issue in this circuit and a split in authority in other circuits, even if there were error, it would not be plain or obvious." United States v. Jordan, 877 F.3d 391, 396 (8th Cir. 2017).

Because Merritt cannot show any error "that is clear or obvious under current law" he cannot satisfy the requirements of plain error review.  United States v. Lovelace, 565 F.3d 1080, 1092 (8th Cir. 2009).  Accordingly, we affirm the judgment of the district court.

_____