# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3485

_____

United States of America

*Plaintiff - Appellee*

v.

Devontate Mauryce Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: December 13, 2019
Filed: April 17, 2020
[Unpublished]

_____

Before ERICKSON, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Devontate Davis pleaded guilty to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

The district court[1] sentenced him to 151 months in prison, the bottom of his Sentencing Guidelines range of 151 to 188 months. Davis objects to the district court's use of the Guidelines's career offender provision, U.S.S.G. § 4B1.1, to enhance his Guidelines range and argues his sentence is substantively unreasonable. We affirm.

Davis first contends his three prior Illinois drug convictions under 720 Ill. Comp. Stat. Ann. 570/401(c)(2) (2009), (2010), and 720 Ill. Comp. Stat. Ann. 570/407(b)(2) (2013) cannot qualify as predicate drug offenses under § 4B1.1 because the statutes of conviction criminalize attempt. Because § 4B1.1 does not expressly include inchoate offenses, he argues that it does not include attempt and therefore his statutes of conviction are categorically overbroad. We have rejected similar arguments. Section 4B1.1 includes inchoate offenses by application of Note 1 to § 4B1.2(b). U.S.S.G. § 4B1.2(b), (cmt. n.1) ("'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such [an] offense[]"); see United States v. Mendoza-Figueroa, 65 F.3d 691, 694 (8th Cir. 1995) (en banc); United States v. Merritt, 934 F.3d 809, 811 (8th Cir. 2019). Because the court properly applied U.S.S.G § 4B1.1, we find no procedural error. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Davis also argues his sentence is substantively unreasonable because the district court failed to properly weigh the 18 U.S.C. § 3553(a) factors. "We review a sentence for reasonableness in light of the factors in 18 U.S.C. § 3553(a), and we reverse only if the district court abused its discretion." United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

factors but commits a clear error of judgment in weighing those factors." Id.; see also Feemster, 572 F.3d at 461.

The court considered the seriousness of Davis's offense and found it involved a significant amount of crack cocaine. It accounted for Davis's prior offenses, including three felony drug distribution offenses, flight or eluding arrest offenses, and resisting arrest, and found the sentence needed to protect the public from further crimes. Finally, the court considered the circumstances of Davis's childhood, his lack of a substantial work history, and the need to avoid sentencing disparities. We find no abuse of discretion in the district court's decision to sentence Davis at the bottom of his Guidelines range based on these facts. Davis's sentence is affirmed.

_____