# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-3430

———————————————

United States of America

*Plaintiff - Appellee*

v.

Tony Lee Bone

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Central

——————————

Submitted: October 18, 2021
Filed: January 28, 2022
[Unpublished]

——————————

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

——————————

PER CURIAM.

Tony Bone pleaded guilty to one count of possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and to one count of possessing a firearm in furtherance of a drug trafficking crime, in violation

of 18 U.S.C. § 924(c). The district court[1] found him to be a career offender on the basis of two prior convictions for controlled-substance conspiracies under Iowa law. On appeal, Bone argues that the court erred in concluding that he was a career offender. We affirm.

## I. *Background*

Using a confidential informant, the police made three methamphetamine purchases from Bone at his Des Moines, Iowa residence in September and October 2019. Thereafter, they obtained a search warrant for his home. The subsequent search revealed 42 grams of methamphetamine, a loaded .380 semiautomatic handgun, and other items relating to drug distribution. After having his rights read to him, Bone admitted to possessing and selling methamphetamine and to owning the handgun.

Bone pleaded guilty to one count of possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and to one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The presentence report (PSR) attributed 453.6 grams of methamphetamine to Bone, correlating to a base offense level of 32 under U.S.S.G. § 2D1.1(c)(4). Subtracting three points for acceptance of responsibility resulted in a total offense level of 29. The PSR calculated a criminal history category of IV, based on nine criminal history points. This put Bone's Guidelines sentencing range at 121–151 months' imprisonment for possession with intent to distribute and 60 months for possessing a firearm in furtherance of drug trafficking, which together resulted in an overall sentencing range of 181–211 months' imprisonment. Bone was designated a career offender, based upon his 2004 and 2009 convictions in Iowa state court of conspiracy to manufacture controlled substances. This designation increased

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Bone's criminal history category to VI and thereby his Guidelines range to 211–248 months' imprisonment (151–188 months for the drug offense plus 60 months for the firearm offense). This range was further increased pursuant to U.S.S.G. § 4B1.1(c)(2)(B) and (c)(3), resulting in a total Guidelines sentencing range of 262–237 months' imprisonment.

Bone objected to being classified as a career offender. He argued that his prior convictions for controlled-substance conspiracies were categorically overbroad as career-offender predicate offenses under § 4B1.1(c)(2)(B). The district court overruled his objection pursuant to Eighth Circuit precedent holding that controlled-substance conspiracy convictions constitute valid predicate offenses for determining whether a defendant is a career offender. R. Doc. 79, at 9–10 (citing *United States v. Roberts*, 975 F.3d 709 (8th Cir. 2020); *United States v. Clayborn*, 951 F.3d 937 (8th Cir. 2020)).

Nevertheless, the district court granted Bone a downward variance to 144 months' imprisonment as to his drug charge, based upon a number of factors, including Bone's health, his drug addiction, his presentence rehabilitation, and the COVID-19 pandemic. The court also imposed the mandatory 60-month consecutive sentence for firearm possession, for a total of 204 months' imprisonment and five years' supervised release.

## II. *Discussion*

To qualify as a career offender, a defendant must have "at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). "[C]ontrolled substance offense" is defined under § 4B1.2(b) to include felony offenses for "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export,

distribute, or dispense." Application Note 1 to § 4B1.2 states that this term "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."

Bone had two prior convictions, in 2004 and 2009, for conspiring to manufacture methamphetamine. Both of these offenses were in violation of Iowa Code § 124.401(1)(c)(6) and constitute class C felonies. Bone argues that the Sentencing Commission exceeded its authority by adding inchoate offenses in a note, and therefore his conspiracy convictions may not form the basis for a career-offender designation. In making this argument, Bone relies on precedent from other circuits. *See, e.g.*, *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam) ("[T]he Commission used Application Note 1 to *add* an offense not listed in the guideline. But application notes are to be '*interpretations of*, not *additions* to, the Guidelines themselves.'" (citation omitted)). However, controlling Eighth Circuit precedent says otherwise. This court holds that § 124.401(1) constitutes a controlled substance offense as defined by § 4B1.2(b). *See United States v. Maldonado*, 864 F.3d 893, 897–901 (8th Cir. 2017). Bone also argues that the statute is overbroad because it includes inchoate offenses. This claim, however, is foreclosed by this court's recent holding in *United States v. Merritt*, 934 F.3d 809, 811 (8th Cir. 2019), which reaffirmed the same holding from *United States v. Mendoza-Figueroa*, 65 F.3d 691, 694 (8th Cir. 1995) (en banc). And as the *Merritt* panel explained, "Our panel may not overrule a decision of the en banc court." 934 F.3d at 811; *see also United States v. Roberts*, 975 F.3d 709, 718 (8th Cir. 2020) ("We have rejected this argument repeatedly and are bound by these prior decisions."). Given our circuit's controlling authority, Bone's argument fails.

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____