# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1280
_____

United States of America

*Plaintiff - Appellee*

v.

Heather Marie Newhouse

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: January 11, 2022
Filed: May 2, 2022
[Unpublished]

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Heather Newhouse pleaded guilty to two drug-trafficking offenses, and the district court[1] sentenced her to 240 months of imprisonment. Newhouse appeals her sentence, arguing that the district court erred in calculating her advisory United

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

States Sentencing Guidelines range by finding that her two prior convictions under Iowa Code § 124.401(1) qualified as "controlled substance offenses" and thus she was a career offender. See USSG § 4B1.1 (2018). We review this question de novo. United States v. Boleyn, 929 F.3d 932, 936 (8th Cir. 2019).

The Guidelines define a controlled substance offense as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance . . . with intent to . . . distribute." USSG § 4B1.2(b). Application Note 1 states that a "'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offense[]." USSG § 4B1.2(b), cmt. (n.1).

Newhouse argues that her two prior convictions do not qualify as controlled substance offenses because Iowa Code § 124.401(1) includes inchoate offenses within its definition, and inchoate offenses are not properly within § 4B1.2(b)'s definition of a controlled substance offense. She contends that the United States Sentencing Commission exceeded its authority by using the commentary to add inchoate offenses to the definition.

As Newhouse concedes, however, her argument is foreclosed by circuit precedent. In United States v. Mendoza-Figueroa, the en banc court held that Application Note 1 to § 4B1.2 "is a reasonable interpretation of the career offender guidelines that is well within the Sentencing Commission's statutory authority," and that conspiracy to commit a controlled substance offense is thus a "controlled substance offense" as defined by the Guidelines. 65 F.3d 691, 694 (8th Cir. 1995) (en banc); see also United States v. Merritt, 934 F.3d 809, 811 (8th Cir. 2019). This panel cannot overrule an earlier decision by the en banc court. See Merritt, 934 F.3d at 811 (citing United States v. Lucas, 521 F.3d 861, 867 (8th Cir. 2008)).

We affirm the judgment of the district court.

_____