**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30022 |
| Plaintiff-Appellee, | D.C. No. 4:22-cr-00026-BLW-1 |
| v. | |
| WESLEY VAN LONG, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted May 23, 2024[**]
Anchorage, Alaska

Before: BYBEE, FRIEDLAND, and MILLER, Circuit Judges.

Defendant Wesley Van Long ("Long") appeals his 108-month sentence for

Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(A). We affirm.

We review Long's sentence for abuse of discretion, asking first whether the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court committed "significant procedural error" and then whether the sentence was "substantive[ly] reasonable[]."  *Gall v. United States*, 552 U.S. 38, 51 (2007).

1. The district court did not commit procedural error.

Long first argues that the district court abused its discretion in interpreting United States Sentencing Guidelines ("U.S.S.G.") § 5C1.2(a) to mean that only those with no more than one criminal history point were eligible for a two-level decrease under § 2D1.1(b)(18).  But at the time of Long's sentencing, § 5C1.2(a) explicitly stated as one of its criteria: "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines."  U.S.S.G. § 5C1.2(a)(1) (U.S. Sentencing Comm'n 2021).  The district court did not err in interpreting the Guideline according to its plain meaning given that its text was clear.  *See United States v. Lambert*, 498 F.3d 963, 971 (9th Cir. 2007); *see also United States v. Rivera-Constantino*, 798 F.3d 900, 903 (9th Cir. 2015) ("We apply the traditional rules of statutory construction when interpreting the Sentencing Guidelines." (cleaned up) (quoting *United States v. Flores*, 729 F.3d 910, 914 n.2 (9th Cir. 2013)).  Although the Sentencing Commission was, at the time of Long's sentencing, considering proposed revisions to U.S.S.G. §§ 5C1.2 and 2D1.1 to account for the expanded safety valve criteria in 18 U.S.C. § 3553(f), no revisions had yet been adopted.  *See* U.S. Sentencing Comm'n, *Proposed Amendment: First*

*Step Act—Drug Offenses*, *in* Proposed Amendments to the Sentencing Guidelines

(Preliminary) 1, 12-14 (2023),

https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230112_prelim_RF.pdf.

Long next argues that the district court abused its discretion by failing to adequately consider the specific facts of his case, including his age and mental and physical condition.[1] The district court stated that it considered Long's age, as well as "some physical health issues that are of concern," Long's "serious brain injury," his "depression," and his "long history of alcohol and drug abuse." In addition to those factors, the district court also discussed various tragedies Long had experienced in his life. It concluded, however, that given Long's criminal history, a sentence of 108 months was appropriate. This discussion was sufficient to fulfill the district court's obligation to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c); *see Rita v. United States*, 551 U.S. 338, 356-57 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. Nonetheless, when a

---

[1] The Government contends that we should review this argument for plain error, not abuse of discretion, because Long did not object to the district court's weighing of his life circumstances at sentencing. We need not decide which standard of review is appropriate because this argument fails under either standard.

judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." (citation omitted)).

2. Long's sentence is also substantively reasonable.

Despite Long's Guidelines range being 151-188 months, he received a below-Guidelines sentence of 108 months, largely because the district court granted a downward departure to account for what it considered to be an arbitrary difference between the Guidelines calculations for actual methamphetamine and methamphetamine mixtures.

The district court's choice not to grant a two-point reduction based on the expansion of the safety valve criteria was not substantively unreasonable under an abuse of discretion standard. *See United States v. Wilson*, 8 F.4th 970, 977-78 (9th Cir. 2021) ("Reversal is 'not justified simply because this court thinks a different sentence is appropriate. Rather, this court should only vacate a sentence if the district court's decision not to impose a lesser sentence was illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" (quoting *United States v. Laurienti*, 731 F.3d 967, 976 (9th Cir. 2013))). The district court concluded that the First Step Act revisions to the safety valve provision, as interpreted by our court in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021), *abrogated by Pulsifer v. United States*, 144 S. Ct. 718 (2024), meant that essentially everyone qualified for the safety valve provision, and

4

qualification for safety valve therefore did not mean that Long was less culpable than other defendants. The district court therefore reasonably concluded, based on Long's significant criminal record, that even though he was entitled to the safety valve, his level of culpability made a two-point reduction inappropriate.

The district court's treatment of Long's age and mental and physical condition was also substantively reasonable. As explained above, the district court considered all of these factors, in addition to other mitigating factors relating to Long's life circumstances. But the district court weighed more heavily Long's "substantial criminal record," concluding that a "substantial prison sentence [was] necessary" to protect the public, deter Long, and provide a just punishment. It is within the district court's discretion to decide what weight to give the various factors involved in a particular case. *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). It was substantively reasonable for the court to weigh Long's criminal history more heavily than other mitigating factors, particularly because this weighing still resulted in a below-Guidelines sentence.

For the foregoing reasons, we **AFFIRM** Long's sentence.